UNITED STATES v. ABRAMS et al.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1912.)

No. 3,583.

1. INDIANS (§ 31*)—ALLOTTEES—CITIZENSHIP.

An Indian allottee, having received her allotment, became a citizen of the United States, and was authorized to contract with respect to the allotment, except in so far as restrained by congressional enactment.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 23; Dec. Dig. § 31.*]

2. INDIANS (§ 16*)—INDIAN LANDS—ALLOTMENT—LEASES—CANCELLATION— NEW LEASE.

Act Cong. March 2, 1895, c. 188, 28 Stat. 907, provided that allotments to Quapaw Indians in Oklahoma should be inalienable for 25 years from and after the date of the patent; but Act June 7, 1897, c. 3, 30 Stat. 72, provided that such allottees might lease their lands for a term not exceeding 3 years for farming or grazing purposes, or 10 years for mining and business purposes. *Held* that, where an allottee had leased her allotment for 10 years for mining purposes, such act did not prevent the mutual cancellation of such lease before the expiration of the term and the making of a new one to the same parties for another term not exceeding 10 years.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. § 16.*]

Appeal from the Circuit Court of the United States for the Eastern District of Oklahoma.

Action by the United States against A. W. Abrams and another. From a judgment for defendants, complainant appeals. Affirmed.

Paul A. Ewert, Sp. Asst. Atty. Gen., for appellant.

S. C. Fullerton, for appellees.

Before SANBORN and ADAMS, Circuit Judges, and Wm. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. One Minnie Redeagle, a member of the Quapaw tribe of Indians, was, on the 26th day of September, 1895, given by the United States a certain allotment patent in and to certain lands situated in the county of Ottawa, in the then Indian Territory, now state of Oklahoma, under and pursuant to the provisions of an act of Congress approved March 2, 1895 (28 Stat. 907, c. 188). That act contained the following provision:

"Provided, that said allotment shall be inalienable for a period of twenty-five years from and after the date of said patent."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Congress subsequently, to wit, on June 7, 1897 (30 Stat. 72, c. 3), passed an act providing for and governing the leasing of lands allotted under the provisions of the before-mentioned act of March 2, 1895. The provision, so far as applicable to this case, was as follows:

"That the allottees of land within the limits of the Quapaw agency, Indian Territory, are hereby authorized to lease their lands, or any part thereof, for a term not exceeding three years, for farming or grazing purposes, or ten years for mining or business purposes, and said allottees and their lessees and tenants shall have the right to employ such assistants, laborers and help, from time to time, as they may deem necessary."

Thereafter, and on the 27th of March, 1902, said Minnie Redeagle executed and delivered to the defendant A. W. Abrams a mining lease to a portion of the lands so allotted to her for the full term of 10 years from that date. Subsequently, and on the 23d day of May, 1905, said Minnie Redeagle executed and delivered to the Iowa & Oklahoma Mining Company a mining lease for the term of 10 years from that date on the same land embraced in the before-mentioned lease to A. W. Abrams. Afterwards, and on the 26th of September, 1906, Minnie Redeagle executed and delivered to said Iowa & Oklahoma Mining Company another mining lease covering the same land for a term of 10 years from that date. All of said leases were duly filed for record in the office of the register of deeds for said Ottawa county. Afterwards, and on the 21st day of March, 1910, said A. W. Abrams and the Iowa & Oklahoma Mining Company executed and delivered to said Minnie Redeagle a cancellation and surrender of each of the three before-mentioned leases, and on the same date, and at the same time, Minnie Redeagle and her husband executed and delivered to the Iowa & Oklahoma Mining Company another mining lease for the term of 10 years, to the above-mentioned land, which was, on the 1st day of April, 1910, duly filed for record.

This action was brought upon the part of the United States to cancel and set aside all of said leases, excepting the one of date March 27, 1902, to A. W. Abrams—the contention on the part of the government being that the lease of the 27th of March, 1902, to Abrams was a valid lease, but that the subsequent leases were invalid, for the reason that they were executed and delivered within the term and lifetime of the said lease to Abrams; that, under a proper construction of the act of Congress, authorizing the leasing for a period of 10 years, when Minnie Redeagle executed the lease to Abrams, she exhausted her power and authority, and could not make any other or further contract by lease with reference to the land until the expiration of the 10-year period of that lease.

[1, 2] Minnie Redeagle, upon receiving her allotment, was a citizen of the United States, and authorized to contract with respect to said allotment, excepting in so far as she was restrained by congressional enactment. The act of Congress authorized a leasing for a term not exceeding 10 years. We perceive of no reason, and find nothing in the letter or spirit of the congressional enactment, which restrains her, after having made a lease, from entering into a valid contract with the lessee to cancel such lease before the expiration of its term, and then make a new lease to such party or parties as she might see fit for an-

other term, not exceeding 10 years. This is what she did, and all that she did. We think it clear that the last-mentioned lease, of date March 21, 1910, was a valid lease. The previous leases having been cancelled by agreement between the lessor and lessee, and such cancellation placed upon record, they furnished no foundation for a bill in equity to cancel them. There being at the time the action was brought but one lease upon the premises, and that a valid lease, the bill stated no cause of action, and a demurrer thereto was properly sustained.

We regard it as unnecessary at this time to pass upon the question raised as to whether the United States has such an interest in the land as entitles it to maintain the action; also, whether the two intermediate leases, executed while the first lease to Abrams was in force, were invalid, as they were canceled by the parties before the bringing of this action, and the question of their validity is at this time a moot question.

The judgment is affirmed.