## UNITED STATES v. WRIGHT et al.

### (Circuit Court of Appeals, Eighth Circuit.    May 23, 1912.)

### No. 3,571.

1. INFANTS (§ 1*)—ATTAINING MAJORITY—TIME.

    Under the rule that the law takes no cognizance of fractions of a day, an infant becomes of full age the first moment of the day before his twenty-first anniversary.

    [Ed. Note.—For other cases, see Infants, Cent. Dig § 1; Dec. Dig. § 1.*]

2. INDIANS (§ 16*)—LEASES BY MINOR—VACATION — GOVERNMENT'S RIGHT TO SUE.

    Where an Indian minor after reaching majority redated, re-executed, and extended a mining lease on his allotment, the government had no right to sue to set it aside.

    [Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. § 16.*]

3. INDIANS (§ 16*)—MINERAL LANDS—LEASES—EXTENSION—EXECUTION.

    Where an original lease of Indian mineral lands was signed by both lessor and lessees, but renewals and extensions were signed by the lessor only, and the lessees accepted the extensions and caused them to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recorded, the government acting for the lessor could not have the extensions set aside under the statute of frauds.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. § 16.*]

Adams, Circuit Judge, dissents.

Appeal from the Circuit Court of the United States for the Eastern District of Oklahoma.

Action by the United States against Willis Wright and others. Judgment for defendants, and the United States appeals. Affirmed.

Paul A. Ewert, Sp. Asst. Atty. Gen., for the United States.

J. J. Bulger, for appellees.

Before ADAMS and SMITH, Circuit Judges, and MARSHALL, District Judge.

SMITH, Circuit Judge. J. W. Hunt was born September 6, 1882, a member of the Quapaw Tribe, and received in two separate allotments an aggregate of 200 acres of land in the Quapaw reservation, in northeastern Oklahoma; his patents being dated, respectively, September 26 and October 19, 1896.

[1] The law ordinarily taking no cognizance of fractions of days, one becomes of full age the first moment of the day before his twenty-first anniversary. State v. Clarke, 3 Har. (Del.) 557; Wells v. Wells, 6 Ind. 447; Hamlin v. Stevenson, 4 Dana (Ky.) 597. Hunt therefore became of age the first moment of September 5, 1903. October 20, 1902, and while still a minor, he made to J. C. Haskett, Willis Wright, and A. J. Crawford a lease for 10 years of the lands allotted to him in consideration of $20 down and $5 on October 1, 1903, and the agreement to pay him 6 per cent. of all moneys received from the sale of ores from said premises. September 5, 1903, J. W. Hunt signed and acknowledged in consideration of $55 an instrument in which he recited that "the foregoing lease is this day redated, reexecuted, and extended for the period of ten years from date hereof." September 7, 1903, he executed, acknowledged, and delivered a similar instrument and did the same on August 12, 1904. The government brought suit to set aside this lease and renewals because as alleged the said Hunt was a minor when the lease and first renewal and extension were executed, and all of said leases and renewals were invalid for the same reasons relied on in United States v. Abrams (C. C. A.) 194 Fed. 82, and United States v. Noble, 197 Fed. 292, 115 C. C. A. ——.

[2] Most of the questions raised here were disposed of in those cases, but in none of them was the question of infancy in any way involved. It has never been held that the government was any more the guardian of a minor Indian than of the adults, but, even if there were some peculiar guardianship of minor Indians, that would not enable the government to bring suit after an Indian had reached his majority to set aside leases made during his infancy. After he

reached his majority Hunt redated, re-executed, and extended the lease. This was a distinct ratification by him.  22 Cyc. 545.

It is contended that these instruments of renewal executed by Hunt were not signed by the lessee, and were therefore void under the statute of frauds.

[3] The original lease was signed by both lessor and lessees, but the renewals and extensions were signed only by Hunt. It is alleged that the lessees in all things accepted the extension of August 12, 1904, and caused the same to be recorded. Whatever would be their position if seeking to avoid the renewal and extension, it is not claimed that it was ever the intention it should be signed by them and neither Hunt nor any one for him could while they were executing it set it aside on that ground.

It is not intimated hereby that the government could in any event maintain such an action.

No error appears and the rulings of the court below are affirmed.

ADAMS, Circuit Judge, for reasons stated in his dissenting opinion in the case of United States v. Noble, 197 Fed. 292, 115 C. C. A. ——, just decided, so far as this case involves the same questions, dissents.