## ASHTON v. NOBLE et al.

No. 8238—Opinion Filed Dec. 19, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 784.)

1. **Indians—Indian Lands—Restrictions.**

Restrictions placed by Congress upon the alienation of the allotment of a Quapaw Indian follow the land in the hands of his heirs.

2. **Same—Alienation—Lease.**

A lease by a Quapaw Indian of his allotment is an alienation of such land.

3. **Same—Lease by Heirs.**

The restrictions imposed by Congress upon the right to lease a Quapaw Indian allotment runs with the land, and the heirs of such Quapaw Indian cannot, within the restricted period of 25 years, legally lease said lands for agricultural purposes for a longer period than three years.

(Syllabus by Collier, C.)

Error from District Court, Ottawa County; Preston S. Davis, Judge.

Action by R. W. Ashton against Charles F. Noble and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

See, also, 46 Okla. 296, 148 Pac. 1042.

Paul A. Ewert and A. C. Wallace, for plaintiff in error.

W. H. Kornegay, for defendants in error.

Opinion by COLLIER, C. This is an action brought by the plaintiff in error against the defendants in error to recover for the use and occupation of lands described in the petition in this cause. The parties will hereinafter be designated as they were in the trial court.

The material averments of the petition are: That the land in controversy was the allotment of Lucy Long, a Quapaw Indian, who afterwards married one Reed Wilson, with whom she lived until her death, which occurred about 18 months after the birth of her child, Henry Wilson. At her death she left surviving her, as her sole heirs, her son, Henry Wilson, and her husband, Reed Wilson. Henry Wilson departed this life, and on the 20th day of February, 1907, in an action in the United States Court in and for the Northern District of the Indian Territory, the descent and distribution of said estate of said Lucy Long Wilson and Henry Wilson, her son, was adjudged, and therein determined that the said Reed Wilson was the owner of a life estate in said lands, and Josephine Bratton was adjudged and decreed to be the owner in fee of said lands allotted to said Lucy Long. The said Josephine Bratton and Reed Wilson, pursuant to act of Congress approved May 27, 1902 (chapter 888, § 7, 32 Stat. at Large, pp. 245-275 [Comp. St. 1913, sec. 4223]), petitioned the Honorable Secretary of the Interior of the United States that sale might be made of said inherited lands, and said lands were

duly advertised for sale and sold on October 21, 1909; the said Josephine Bratton and Reed Wilson conveying said lands by warranty deed to the plaintiff in this action, which said deed was duly approved by the Secretary of the Interior and the deed delivered to the plaintiff and by him, on the 3d day of October, 1910, filed in the office of the register of deeds, of Ottawa county, and duly recorded. On the 4th day of May, 1908, the said Reed Wilson leased said lands for grazing and agricultural purposes to W. C. Barnhart for a term of three years from the date of said lease, which lease was on the 5th day of May, 1908, filed for record in the office of the register of deeds within and for the county of Ottawa; that on the 15th day of February, 1911, the said W. C. Barnhart, for a valuable consideration, sold and assigned said lease to said plaintiff; that demand has been made upon said defendants for possession of and payment for the use of said lands, which has been denied and refused.

The several defendants answered said petition, but did not deny the material allegations of the petition, but set up as a defense a lease made on the 25th day of July, 1905, by and between Reed Wilson and Laura Jenny Wilson, his wife, with a right to sublease the same, from the 25th day of July, 1905, to the 25th day of July, 1911, and admitted the occupation and use of said land for the period averred in said petition. A demurrer was interposed to the answer of C. F. Noble, the original lessee, under the lease of July 25, 1905, which demurrer was overruled and exception duly saved. Upon trial of the case the material allegations of the petition and of the answer were shown by uncontradicted evidence. At the conclusion of the evidence each of the defendants demurred to the evidence, which demurrers were sustained, and, under direction of the court, the jury returned a verdict in favor of the defendants. Timely motion was made by plaintiff for a new trial, which was overruled and exception saved, and judgment was entered in favor of defendants, to which the plaintiff duly excepted. To reverse the judgment rendered, the plaintiff brings error. This is the second time this cause has been before this court. Ashton v. Noble et al., 46 Okla. 296, 148 Pac. 1042.

We are unable to agree with the contention of attorneys for defendants in error that the law as stated in said case is not correctly stated; and, from our viewpoint, think the only remaining question involved in the case is the legality of the lease executed by Reed Wilson and wife on July 25, 1905, for a period of six years, and, therefore, notwithstanding the many errors assigned, we shall consider alone the legality of said lease of July 25, 1905.

The allotment in controversy was made under act of Congress, which was duly approved and became a law on March 2, 1895 (chapter 188, 28 Stat. at Large, p. 907), which provides:

"That the allotments of land made to the Quapaw Indians, in the Indian Territory, in pursuance of an act of the Quapaw National Council, approved March 23, 1893, be and the same are hereby ratified and confirmed, subject to revision, correction and approval by the Secretary of the Interior: * * * Provided that said allotments shall be inalienable for a period of twenty-five years from and after the date of said patents."

Thereafter the Congress of the United States passed an act, which was duly approved and became a law on June 7, 1897 (chapter 3, 30 Stat. at Large, p. 72), which provides:

"That the allottees of land within the limits of the Quapaw Agency, Indian Territory, are hereby authorized to lease their lands, or any part thereof, for a term not exceeding three years, for farming or grazing purposes, or ten years for mining or business purposes."

In Goodrum et al. v. Buffalo, before the Circuit Court of Appeals of the Eighth Circuit, 162 Fed. 817, 89 C. C. A. 525, it is held:

"Under act of Congress, March 2, 1895 (28 Stat. at L. 907), and patents issued thereunder, declaring the land inalienable for twenty-five years thereafter, held, that the disability to convey runs with the land, and disqualifies the heir, as well as the immediate allottee, to convey within the prescribed period."

In Bowling & Miami Investment Co. v. United States, 233 U. S. 528, 34 Sup. Ct. 659, 58 L. Ed. 1080, the Supreme Court of the United States, on May 4, 1914, held that:

"Restrictions on alienation imposed by acts of Congress imposed by the act of March 2, 1889, regarding the allotments to the confederated tribes specified therein, are not mere personal restrictions operative upon the allottee alone, but run with the land and are binding upon his heirs as well for the specified term."

In United States v. Abrams et al. (C. C.) 181 Fed. 847, it is held that where the term of a lease exceeds the period authorized by the act of Congress of June 7, 1897 (30 Stat. at L. p. 72), authorizing Indian allottees within the limits of the Quapaw Agency to lease their allotments, that a lease for a term exceeding the term provided by said act is a violation of congressional conditions placed on the alienability of the land.

The question of whether or not a lease of an allotment is an alienation is not an open question in this jurisdiction, as in Eldred v. Okmulgee Loan & Trust Co., 22 Okla. 742, 98 Pac. 929, it is held: "A lease is an 'alienation' of lands." In the body of the opinion, Chief Justice Turner, speaking for the court, says:

"Out of an estate in fee there is capable of being carved and alienated or conveyed a number of estates. Estates are divided into those of freehold and those less than freehold. It would answer no good purpose to enter into a discussion of these lesser estates, which may be carved out and conveyed or alienated by deed. Suffice it to say that among others are leasehold estates, or leases for a year, a term of years, or for life. Can it be doubted for a moment that the carving out and conveying of any of these lesser estates is an alienation, or a parting by sale of that particular estate? We think not."

We are of the opinion, and so hold, that under the authorities cited the restrictions upon the land in controversy ran with the land, and were not removed by the death of the allottee; that the husband of the allottee, who inherited a life estate in said land, acquired no greater control over said land than the allottee; that the leasing of said land for agricultural purposes for a longer period than three years was void; and that consequently the lease of the 25th of July, 1905, by and between Reed Wilson and Laura Wilson, his wife, to Charles F. Noble for a term of six years was in violation of the restrictions placed upon said land, and therefore the court committed reversible error in overruling the demurrer to the answer of Charles F. Noble, and also committed prejudicial error in refusing to grant a new trial.

This cause is reversed and remanded.

By the Court: It is so ordered.