**DESKINS v. O'NEAL et al.**

No. 11075—Opinion Filed March 10, 1925.

(Syllabus.)

1. **Indians—Restricted Lands — Invalidity of Agricultural Lease Executed Before Expiration of Other Lease.**

Where agricultural leases are taken on the lands of restricted Indians before the expiration of existing leases for a term to begin in futuro, it amounts to a conveyance of the reversion and is prohibited by the restriction, but where there is a showing of necessity for making an agricultural lease shortly before the expiration of an existing lease in order to regulate the course

of cultivation which was to be pursued the subsequent year, same will be sustained in equity.

**2. Same — Approval by Secretary of the Interior Ineffectual.**

Under the terms of the Act of May 27, 1908, 35 Stat. 312, c. 199, pertaining to the leasing of lands of full-blood Indians for agricultural purposes, the function of the Secretary of Interior is to approve leases which the Indian is authorized to make where same appears to be fair to the Indian and to conform to the terms of the act. A lease executed by the Indian allottee while there was an existing valid prior lease is not authorized or contemplated by the Act of Congress, and is therefore void and the approval of the Secretary of Interior does not make same valid.

Error from District Court, Jefferson County; Thomas A. Edwards, Assigned Judge.

Action by H. H. Deskins against B. R. O'Neal and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

H. B. Lockett, for defendants in error.

HUNT, J. This is an action in ejectment, brought by plaintiff, now plaintiff in error, against defendants, now defendants in error. to recover possession of certain lands with rents during the period of defendants' occupation, but the rent feature was abandoned. Plaintiff described in his petition certain tracts of land belonging to John, Frank, and Ernest Ned; alleging that he, as lessee of the above named parties, is entitled to recover possession of the land. Defendants answered with a general denial. The case was tried to the court, and the court found generally in favor of defendants and entered judgment accordingly, and plaintiff appeals and assigns as error, first, the action of the court in rendering judgment for the plaintiff and in not rendering judgment for the defendants; and second, the action of the court in overruling plaintiff's motion for a new trial, both of which assignments of error will be considered together.

The parties will be referred to here as they appeared in the court below. Defendants are in possession of the land and had been for several years under leases from John Ned, Frank Ned, and Ernest Ned, made from time to time, and while thus in possession of defendants, the Neds leased the land to plaintiff.

John, Frank, and Ernest Ned are full-blood Mississippi Choctaw Indians and members of the Choctaw Tribe and the lands in question are lands allotted to them in severalty as members of said tribe, and which consist of the homestead allotments of John Ned, Ernest Ned, and Frank Ned and the surplus allotment of Frank Ned. The leases in question are agricultural leases on the allotted lands of restricted Choctaw Indians. The Act of Congress of May 27, 1908, 35 Stat. 312 c. 199, provides as follows:

"That all lands other than homesteads allotted to members of the Five Civilized Tribes from which restrictions have not been removed may be leased by the allottee if an adult or by guardian or curator under order of the proper probate court if a minor or incompetent, for a period not to exceed five years. without the privilege of renewal; Provided, that leases of restricted lands for oil, gas or other mining purposes, leases of restricted homestead, for more than one year, and leases of restricted lands for periods of more than five years, may be made, with the approval of the Secretary of the Interior, under rules and regulations provided by the Secretary of the Interior. and not otherwise."

Thus it will be seen that neither John Ned, Frank Ned, nor Ernest Ned could lease their homestead for a longer period than one year or their surplus for a longer period than five years without the approval of the Secretary of the Interior. The lease to the homestead of John Ned is dated October 19, 1917, and runs for a period of five years from January 1, 1918. This lease was forwarded to the Superintendent of the Five Civilized Tribes at Muskogee with recommendation of S. A. Mills, field clerk, that it be approved. The superintendent returned it to plaintiff with a stipulation attached providing for the payment of rent in the sum of $400 for the five-year period instead of $350 as provided in the lease. This stipulation was signed by plaintiff and returned to the superintendent. This lease was never approved by the Secretary of the Interior, and is therefore void, and plaintiff acquired no rights under it.

On the 31st day of August, 1917, plaintiff leased from Frank Ned his surplus allotment for a period of five years beginning on that date and ending on the 30th day of August, 1922. This lease provides that plaintiff is to pay no part of the rent until he is placed in possession and that plaintiff is to have the right to bring suit for possession, either in his own name or the name of his lessor, Frank Ned. At the time this lease was executed defendant was in possession of the premises under a valid lease from Frank Ned ending on the 31st day of December, 1917, which had four months yet to run at the time plaintiff's

lease was executed, and in so far as plaintiff's lease undertakes to cover this period it is void. Chaplin, Landlord and Tenant, page 507; Post v. Martens. 25 N. Y. Super. 437.

Plaintiff realized the infirmities. of his lease, and to hedge against them, as he thought, caused to be inserted in the lease the provision that he was to pay no rent until placed in possession, and should have the right to bring suit for possession. The manifest purpose of plaintiff in attempting to make his lease effective from date of execution, August 31, 1917, instead of from date of expiration of defendant's lease, December 31. 1917, was to circumvent and avoid the act of Congress prohibiting restricted Indians from leasing their surplus allotment for agricultural purposes for a period of more than five years without the approval of the Secretary of Interior. The lease in question began to run on the 1st of January, 1918, and is therefore a lease in reversion or in futuro, while the Act of Congress only authorized leases in possession, but it will be assumed, and is here held as being within the spirit of the Act of Congress that a restricted Indian may make an agricultural lease shortly before the expiration of an existing lease where it is shown to be necessary "in order to regulate the course of cultivation which was to be pursued the subsequent year". It is not contended that it was necessary to make this lease four months before defendant's lease expired in order to regulate the course of cultivation to be pursued under it, and there is nothing in the record to show that such necessity existed, and in the absence of such showing the lease cannot be sustained. The time for making a lease pending the existence of a prior valid lease must depend upon the particular facts and circumstances of each particular case and no rule can be laid down applicable to all cases. U. S. v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844; Brown et al. v. Van Pelt, 64 Okla. 109, 166 Pac. 102.

The Act of Congress is intended to protect restricted Indians against their own improvidence and folly, and will be broadly and liberally construed so as to afford this protection, whenever this may be done. Congress did not intend that restricted Indians should lease their lands in futuro, and if there is to be an exception to the rule, it must show merit, and where it is apparent that the lease was made with the express purpose and intent of evading the Congressional Act, it will not be looked upon with favor. We are therefore of the opin-

ion this lease was void and the plaintiff acquired no rights under it.

We shall next consider the leases on the homesteads of Ernest Ned and Frank Ned, which were approved by the Secretary of the Interior, and the contention made in the court below was that the Indian allottees could not make a valid lease, although it was approved by the Secretary of the Interior, while there was an existing valid prior lease, and this is the principal question to be determined on this appeal. The Act of Congress above quoted was a removal act and removed a disability that had theretofore existed as to the Indian leasing his restricted lands subject to the approval of the Secretary of the Interior in certain cases, but can it be said that a lease which was not contemplated or authorized by the Act of Congress. even though approved by the Secretary, would be valid?

It is clearly apparent from the record that these leases were taken before the expiration of existing leases, and are therefore void unless cured by the approval of the Secretary of the Interior. Where the lease is void ab initio, the approval of the Secretary of the Interior cannot give it life. The approval by the Secretary of the Interior is only necessary when it affects a matter of time that lease is to run. If a lease is on the homestead for one year, it needs no approval; if for more than one year, it must be approved. In order that restricted Indians may not be placed at a disadvantage, may not be imposed upon, and may be protected as far as possible against fraud and deceit in leasing their homestead, Congress has provided that where a lease is for more than one year the arrangement must be approved by the Secretary of the Interior, but the Secretary cannot make the arrangement. Crosbie v. Brewer, 68 Okla. 16, 158 Pac. 388. This must be made by the Indian, and when the Indian attempts to make a lease which is unauthorized by the Act of Congress pertaining thereto, said lease is invalid and as above stated the approval by the Secretary of the Interior adds nothing thereto. His only function is to approve leases which the Indian is authorized to make under terms of the Act of May 27, 1908. above quoted, where same appears to be fair to the Indian and to conform to the terms of the act.

Under the reasoning in the case of U. S. v. Noble, supra, cited with approval by this court in Brown v. Van Pelt, supra, the test in passing upon the validity of such leases as herein involved is not only, were they

such as required the approval of the Secretary of the Interior and were they in fact approved, but were they such leases as the Indian was authorized to make by the Act of Congress and therefore valid when submitted to the Secretary for his approval? In Brown v. Van Pelt, supra, this court speaking through Mr. Justice Rainey, said:

"Now, is the Van Pelt lease, on the surplus, invalid for the reason that it was made during the existence of a prior valid lease? We think the lease void under the reasoning in the decision of the United States Supreme Court in the Noble Case, supra."

It will be noted that the lease on the surplus in the Van Pelt Case was not approved by the Secretary of the Interior as were the leases in question herein, but it will be noted from the opinion that it was held invalid not because of the failure of the Secretary of the Interior to approve the same, but for the reason that it was made during the existence of a prior valid lease. Such is the situation we have here. Further on in the opinion the court says, quoting from the Noble Case, supra:

"This is not to say that an agreement for a new lease, at a fair rental, made shortly before the expiration of an existing lease, would not be sustained in equity."

This, on the theory that it might be necessary to make a new lease shortly prior to the expiration of an old lease in order to regulate the course of cultivation which was to be pursued the subsequent year, but there was no showing made or attempted to be made, and there is therefore nothing in the record in the instant case from which we can infer that such necessity existed as to these two leases.

The Noble, Case, supra, originated in the United States Court for the Eastern District of Oklahoma and former Federal Judge Ralph E. Campbell held the lease involved therein to be valid, though it was what was termed an "overlapping lease". Upon appeal he was affirmed by the Circuit Court of Appeals. Subsequently, however, the case was appealed to the Supreme Court of the United States and this ruling reversed, and though there are some opinions of this court decided apparently on the holding of the Circuit Court of Appeals affirming Judge Campbell, there are numerous cases subsequent to the decision of the U. S. Supreme Court in this case following the ruling therein announced. The latest expression by this court being an opinion by Commissioner Stephenson in the case of Haddock v. Worrell, 106 Okla. —, 233 Pac. 730, the syllabus being as follows:

"An agricultural lease executed and delivered by a full-blood Choctaw Indian, on the surplus allotment, to run for a period of five years from date, before the expiration of an existing five year valid lease, is null and void and conveys no interest in the property to the second lessee."

For the reasons above stated, we are of the opinion that there was no error in the action of the trial court in refusing to render judgment for the plaintiff and in rendering judgment for defendants, and that the motion for new trial was properly overruled. The judgment of the lower court is therefore affirmed.

All the Justices concur.

Note.—See under (1) 31 C. J. pp. 518, 519; (2) 31 C. J. p. 521.