## COLBY et al. v. GLASCO.

No. 16416. Opinion Filed June 21, 1927.

(Syllabus.)

1. **Infants—Exact Time of Arrival at Majority.**

Under section 4972, C. O. S. 1921, a minor arrives at his majority on the first moment of the 21st anniversary of his birth, and not on the first moment of the day before the anniversary of his birth.

2. **Disposition of Cause.**

Record examined; held, to be sufficient to support the judgment of the trial court.

(Commissioners' Opinion, Division No. 1.)

Error from District Court, McClain County; W. L. Eagleton. Judge.

Action by E. D. Glasco against L. O. Colby and Levi Colby, to quiet title in certain described real estate. Judgment for plaintiff, and defendants appeal. Affirmed.

Blanton, Osborn & Curtis, for plaintiffs in error.

Glasco & Glasco, for defendant in error.

LEACH, C. On the 3rd day of March, 1923, E. D. Glasco, as plaintiff, began this action in the district court of McClain county, Okla., against L. O. Colby, as defendant, to quiet his title in a certain tract of land; L. O. Colby claiming an interest in the land

by reason of a real estate mortgage. Thereafter, by amended petition, Levi Colby was made a party defendant, the said Levi Colby holding a deed to the land in controversy which the plaintiff alleged to be void because it was executed by a minor.

The parties will be referred to as they appeared in the trial court.

The allottee, Orange Goldsmith, a Chickasaw freedman, executed a deed to the land in controversy to Tecumseh Goldsmith, on the 24th day of February, 1923. Plaintiff alleged that this deed from Orange Goldsmith to Tecumseh Goldsmith was void for the reason that it was executed on the 24th day of February, 1923, and that the minor did not reach his majority until the 25th day of February, 1923.

The defendant L. O. Colby filed an answer and cross-petition, in which she alleged that she secured said mortgage from Tecumseh Goldsmith in good faith, and paid therefor $502, and that the said Orange Goldsmith arrived at his majority on the 24th day of February, 1923, and that on that date the said Orange Goldsmith executed to his father, Tecumseh Goldsmith, a warranty deed covering said land. The defendant `Levi Colby alleged that he purchased the lands of the said Tecumseh Goldsmith.

The cause was tried to the court and resulted in judgment in favor of the plaintiff, quieting his title to the lands in controversy as against the defendants, and the defendants bring the case to this court for review.

It is conceded by both plaintiff and defendants that there is but one question to be decided in this appeal, viz.: Whether or not Orange Goldsmith, the allottee, reached his majority on the 21st anniversary of his birth, or whether he reached his majority the day before the 21st anniversary of his birth. A determination of this question disposes of the appeal.

It is insisted by the defendants that, by the proper construction of the Act of Congress of May 27. 1908, the allottee in this case arrived at his majority on the first minute of the 24th day of February, 1923, the day preceding the 21st anniversary of his birth, and that section 4972, C. O. S. 1921, should not be given any consideration in determining this question.

The Oklahoma statute above cited is as follows:

"Section 4972. Minors except as otherwise provided by law are: First, males under 21 years of age. Second, females under 18 years of age. The periods thus specified must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority."

Section 2 of the Act of Congress of May 27, 1908, provides:

"Provided, further, that the jurisdiction of the probate courts of the state of Oklahoma over the lands of minors and incompetents shall be subject to the foregoing provisions, and the term 'minor' or 'minors', as used in this act, shall include all males under the age of 21 years and all females under the age of 18 years."

Counsel for defendants contend that when Congress passed the above act, "It must be presumed that Congress recognized the fact that at common law a male person became of age on the first minute of the day preceding the 21st anniversary of the date of his birth, and meant to adopt such construction in the enactment of this legislation."

With this contention we cannot agree. It must be noted that section 4972, C. O. S. 1921, supra, was the statutory law of this state at the time Congress passed the Act of May 27, 1908. This being true, it must be presumed that Congress was aware of the fact that Oklahoma had a definite statute on the subject, and that it intended to adopt said statute.

Defendants cite a long list of cases to the effect that, when Congress has enacted any legislation touching the Five Civilized Tribes and their lands, such legislation alone should be looked to, to determine the status of these Indians and their lands, and not the laws of Oklahoma.

We take no exception to this argument, but it is clearly untenable in the case at bar, for the reason that Congress did not, and has not, by any act, fixed the time when minors become of age other than is found in section 2 of the Act of Congress of May 27, 1908, supra, saying.

"* * * And the term 'minor' or 'minors', as used in this act, shall include all males under the age of 21 years and all females under the age of 18 years."

We are of the opinion that in passing the above Act Congress had no intention of applying the old common-law rules that a minor became of age the day before the 21st anniversary of his birth. We are also of the opinion that the above Act of Congress in no way conflicts with section 4972, C. O. S. 1921.

This court in the case of Bynum v. Moore, 101 Okla. 128, 223 Pac. 687, involving a sim-

ilar issue to the one here presented, speaking through Mr. Justice Cochran, said:

"It is our opinion that the statute of this state changes the common law, and a minor becomes of full age on the first minute of the anniversary of his birth. * * *"

The third paragraph of the syllabus in the above case reads:

"Under section 4972, C. O. S. 1921, a female arrives at her majority on the first moment of the 18th anniversary of her birth, and not on the first moment of the day before the anniversary of her birth."

For the reasons stated, the judgment of the trial court is affirmed.

BENNETT, TEEHEE, MONK, and DIFFENDAFFER, Commissioners, concur.

Note.—See under (1) 31 C. J. p. 987, §4; 14 R. C. L p. 218; 5 R. C. L. Supp. p. 755; 6 R. C. L. Supp. p. 804. (2) 4 C. J. p. 1129, §3122.