### SALTER et al. v. McKINLEY.

No. 18746. Opinion Filed May 28, 1929.

Rehearing Denied July 2, 1929.

Harper & Dillard and Bridges & Ivy, for plaintiffs in error.

Anderson & Anderson and Green & Pruet, for defendant in error.

TEEHEE, C. On June 9, 1926, A. B. McKinley brought suit in ejectment against H. J. Salter, Fannie Salter, Clovie Kirby, and J. A. Shipman for the possession of certain real property, and for damages for the wrongful detention thereof.

The land in controversy was the surplus allotment of a full-blood Choctaw Indian, who, it was stipulated by the parties, was born on May 19, 1905, and so shown by the enrollment records of the allottee. Plaintiff predicated his right to the possession of the property on a five-year agricultural lease executed by the allottee on May 18, 1926, on which date, plaintiff alleged, the allottee attained his majority. At the time of execution of the lease, defendants were in the possession of the property under a three-year grazing lease executed by the guardian of the allottee and approved by the county court of jurisdiction, which lease extended beyond the majority of the allottee and expired on December 31, 1926, and which lease for such extension period plaintiff alleged to be unauthorized and void.

Subsequent to the execution of plaintiff's lease, and prior to the expiration date of defendants' lease, the allottee by several letters to plaintiff indicated an intention to abide by plaintiff's lease. At the expiration date of the defendants' lease, the allottee executed to the defendant Fannie Salter a five-year lease, and filed an action in the same court for the cancellation of plaintiff's lease, which defendant alleged was an act of repudiation of said lease.

By suitable pleadings of these facts by the parties, the principal and controlling issue framed was the validity of plaintiff's lease at the time of the execution thereof by the allottee, plaintiff's theory being that the allottee attained his majority on May 18,

1926, the date of the lease, and defendants' theory being that the allottee was a minor at such date, and therefore then under the restriction of minority, and thus without capacity to execute a valid lease.

Upon trial to the court, the issues were found for plaintiff, with judgment of recovery of possession, and damages for $50 against the defendant Fannie Salter for the wrongful detention of the property, of which judgment defendants complain.

In presenting their case on appeal, defendants urge several grounds for reversal of the judgment, these being: Errors of the court in the admission of incompetent evidence, in overruling their demurrer to plaintiff's evidence in chief, in denying their motion for judgment at the close of the evidence, and the insufficiency of the evidence to sustain the judgment, all of which go to the controlling question of whether or not the allottee was of majority at the time of the execution of plaintiff's lease on May 18, 1926, as that appears to be the point stressed in the presentation of the several alleged errors of the trial court.

Defendants in their argument proceed on the theory that the question is governed by the state law, and that the case turns on section 4972, C. O. S. 1921, which, in so far as the same is here relevant, provides as follows:

"Minors, except as otherwise provided by law, are: First. Males under 21 years of age. * * * The periods thus specified must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority."

The rule of the statute has been construed in Bynum v. Moore, 101 Okla. 128, 223 Pac. 687, and Colby v. Glasco, 125 Okla. 224, 257 Pac. 322. In the Colby Case it was held, to wit:

"Under section 4972, C. O. S. 1921, a minor arrives at his majority on the first moment of the 21st anniversary of his birth, and not on the first moment of the day before the anniversary of his birth."

If this be the controlling rule, it is clear that the allottee did not attain his majority until May 19, 1926.

The fee owner of the property being a full-blood Choctaw Indian allottee, his right of alienation thereof is governed by the Act of Congress approved May 27, 1908, chapter 199, 35 Stat. 312. Thereunder a lease of the property is an alienation thereof within the meaning of that term therein used by the Congress. Ashton v. Noble, 65 Okla. 45, 162 Pac. 784. And minority of the allottee is a federal restriction upon alienation. Egan v. Ingram, 58 Okla. 766, 161 Pac. 225. The lease having been executed by the allottee during his minority, the same was void and incapable of ratification. Bunch v. Cole, 263 U. S. 250, 44 Sup. Ct. Rep. 101, 68 L. Ed. 290. And any attempted exercise of any supposed rights under the lease, as was done in the case in hand, rendered the lessee a mere trespasser. Balthrop v. Clark, 94 Okla. 294, 222 Pac. 520.

Plaintiff concedes that if the rule of the Bynum and Colby Cases is controlling, it must follow that his lease was invalid, but he contends that, as minority is a federal restriction, the question is governed by the federal rule as applied in United States v. Wright, 197 Fed. 297, 116 C. C. A. 659, wherein, in determining the majority of an Indian of the Quapaw Tribe in Oklahoma, it was held:

"Under the rule that the law takes no cognizance of fractions of a day, an infant becomes of full age the first moment of the day before his twenty-first anniversary."

This is the common-law rule. That case, however, was adverted to in the Bynum Case, where the rule of the common law, as thus declared, was refused application to an Indian allottee, and likewise was refused application in the Colby Case, where the court reasoned that, as the federal statutes contained no specific provision upon the subject, it must have been intended by the Congress that said section 4972 should control the question of the time of attainment of majority by a minor Indian allottee. Furthermore, we may properly observe, the question in the Wright Case arose out of transactions had prior to statehood, and in that part of the state where said section 4972 was then without operation, which is a further reason for the nonapplicability of the rule as declared in the Wright Case to the case in hand.

We think the rule as applied in the Bynum and Colby Cases is decisive of this case, and that thereunder, at the time of the execution of plaintiff's lease, the allottee was then a minor and without power to alienate his property in the manner attempted, and that the lease was void and incapable of ratification, for which reasons the judgment of the district court must be and the same is hereby reversed, and the cause remanded, with instructions to render judgment for the defendants.

BENNETT, REID, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Indians," 31 C. J. §79, p. 516, n. 98; §84, p. 517, n. 30.