UNITED STATES of America et al.,
Plaintiffs,

v.

L. H. LABBITT d/b/a Big Horn Valley
Development Company, Defendant.

UNITED STATES of America et al.,
Plaintiffs,

v.

L. H. LABBITT d/b/a Big Horn Valley
Development Company, Defendant.

UNITED STATES of America et al.,
Plaintiffs,

v.

L. H. LABBITT d/b/a Big Horn Valley
Development Company, Defendant.

Civ. Nos. 645–647.

United States District Court,
D. Montana,
Billings Division.

Sept. 17, 1971.

Otis L. Packwood, U. S. Atty., Eugene A. Lalonde, Asst. U. S. Atty., Billings, Mont., for plaintiffs.

Lamb & Snyder, Franklin A. Lamb, Billings, Mont., for defendant.

MEMORANDUM DECISION

FINDINGS OF FACT
and
CONCLUSIONS OF LAW

BOLDT, District Judge.

Pursuant to Rule 42(b), Federal Rules of Civil Procedure, an order was entered by this Court and approved by respective counsel segregating the issues in the above entitled actions. At this time the only issue before this Court is whether the practice of the defendant in canceling and re-leasing the Crow Indian lands under the Big Horn Canal during their term was valid, or whether the practice is invalid, rendering the renewal leases so obtained void. This issue has been submitted for determination upon agreed facts which, by this reference, are made a part hereof.

Initially, three (3) separate suits were filed which have subsequently been consolidated for determination by the Court. The leases in all three causes came into existence by cancellation of existing ten-year leases in exchange for new leases to be effective 18 months in the future. The leases canceled had from 5 to 9 years to run before their dates of expiration. Some of the leases were canceled to be effective in the future in the interim between the time another lease had been canceled and the time it was to become effective.

The leases in question are as follows:

Cause Number 645—Lease dated September 1, 1959, canceling an existing lease as of March 1, 1961, and commencing a ten-year term as of March 1, 1961. The same cancellation-re-lease practice was followed approximately five times since March of 1954.

Cause Number 646—Lease dated September 6, 1961, canceling existing lease as of March 1, 1963, and commencing a ten-year term as of March 1, 1963. Lease dated September 5, 1962, canceling existing lease as of March 1, 1964, and commencing a ten-year term as of March 1, 1964. The same practice was followed approximately eight times since April of 1954.

Cause Number 647—Lease dated September 3, 1962, canceling existing lease as of March 1, 1964, and commencing a ten-year term as of March 1, 1964. The same practice was followed approximately three times since April of 1956.

These leases were made with individual Indians subject to the provisions of the Crow Allotment Act of 1920 (41 Statutes at Large 751) (hereinafter Stat.) and its subsequent amendments.[1] The portions of the amendments pertinent to this action are as follows:

Act of May 26, 1926 (44 Stat. 658, 659):

"* * * Provided further, That any allottee classified as competent may lease his or her allotment or any part thereof and the allotments of minor children for farming and grazing purposes. * * * No lease shall be made for a period longer than five years. All leases made under this section shall be recorded at the Crow Agency. * * *"

The above-quoted provision was amended by the Act of March 3, 1927 (44 Stat. 1365, 1366) with the insertion of the following:

"And provided further, That no lease of grazing lands now in force or hereafter made shall be renewed, or any of the lands embraced within the same be re-leased, prior to one year before the termination of such lease: And provided further, That no lease of farming lands now in force or hereafter made shall be renewed, or any of the lands embraced within the same be re-leased, prior to eighteen months before the termination of such lease."

Subsequently, the Act of May 26, 1926 was amended by the Act of March 15, 1948 (62 Stat. 80) to read as follows:

"* * * Provided further, That any Crow Indian classified as competent may lease his or her trust lands or any part thereof and the trust lands of their minor children for farming and grazing purposes: Provided: That any Crow Indian classified as competent shall have the full responsibility of obtaining compliance with the terms of any lease made: And Provided further, That leases on inherited or devised trust lands having more than five competent devisees or heirs shall be made only with the approval of the Superintendent. Any adult incompetent Indian with the approval of the Superintendent may lease his or her trust lands or any part thereof and the inherited or trust lands of their minor children for farming or grazing purposes. The trust lands of orphan minors shall be leased by the Superintendent. Moneys received for and on behalf of all incompetent Indians and minor children shall be paid to the Superintendent by the lessee for the benefit of said Indians. No lease shall be made for a period longer than five years, except irrigable lands under the Big Horn Canal, which may

---

1. It does not appear necessary to set out at length the original Crow Allotment Act of 1920 (41 Stat. 751) because there are no provisions in the original Act pertinent to the agreed facts or involved in determining the issues now before the Court. The 1926 amendment (44 Stat. 658, 659), referred to above, completely restated the first section of the original enactment and subsequent amendments have been to the 1926 amendment rather than the original Act.

be leased for periods of ten years. All leases made under this Act shall be recorded at the Crow Agency."

The defendant contends that by actual or constructive notice of the leasing practices over a considerable period of time, the Government acquiesced in those practices and thereby is precluded from asserting they are invalid.

"Of course, if the lease was void, the approval of the Secretary of the Interior or the Superintendent for the Five Civilized Tribes could not give it life, as the Court stated in the *Deskins* case." United States v. Haddock, 21 F.2d 165, 167 (C.A.8, 1927) (Deskins v. O'Neal, 108 Okl. 87, 234 P. 626).

■ Executive or administrative acquiescence in practices violative of Congressional enactments or failure to enforce them, however long continued, does not preclude belated enforcement of statutes designed for the benefit and protection of Indian wards of the United States.

■ The Crow Allotment Act of 1920 was amended three times after its enactment so far as pertinent to this decision. These amendments were in 1926, 1927 and 1948. Section 1 of the Act was completely restated by the 1926 amendment. In 1927, the 1926 amendment was amended by the insertion of the language of 44 Stat. 1365, 1366 after the statement "No lease shall be made for a period longer than five years. * * *" In 1948, 62 Stat. 80 was enacted which completely restated the language of the last proviso of Section 1 of the 1926 amendment. No part of 44 Stat. 1365, 1366 was included in what followed. Therefore, in this respect, this Court is in agreement with the opinion of the Department of the Interior (69 I.D. 203) concluding that 62 Stat. 80 repealed 44 Stat. 1365, 1366.

The purpose of the Crow Allotment Act was to grant individual Crow Indians more control over their own affairs within stated limits. That Act, 62 Stat. 80, specifically provides limits of five-year periods for such leases, except for those involving lands under the Big Horn Canal which may be leased for ten-year periods.

Apparently, the intent of Congress in allowing a longer period for farming lands under the Canal was to permit development of those lands on a more practical basis by authorizing a longer lease period. This was not intended nor did it directly or inferentially permit a lessee to in effect continue leases in perpetuity by any legal device circumventing the express language and clear intent of the statute permitting such leases. To hold the cancellation and re-lease practice of the defendants valid would be to render the ten-year lease limitation largely, if not totally, ineffective. This Court cannot approve construction of the statute permitting such a result.

Defendant cites the following language in United States v. Abrams, 194 F. 82, 83–84 (C.A.8, 1912):

"Minnie Redeagle, upon receiving her allotment was a citizen of the United States, and authorized to contract with respect to said allotment, excepting in so far as she was restrained by congressional enactment. The act of Congress authorized a leasing for a term not exceeding ten years. We perceive of no reason, and find nothing in the letter or spirit of the congressional enactment, which restrains her, after having made a lease, from entering into a valid contract with the lessee to cancel such lease before the expiration of its term, and then make a new lease to such party or parties as she might see fit for another term, not exceeding 10 years. * * *"

The present case is readily distinguishable in several significant particulars from the quoted language in *Abrams*. Especially noteworthy is the comment in *Abrams* that the Indian allottee be free to make a new lease to such " * * * party or parties as she might see fit. * * *" The practice in the present case effected cancellation and re-lease in a single instrument, precluding the Indian allottee from making a new lease

with such "party or parties as she [the individual Indian] might see fit." The cancellation instrument specifically required re-lease to defendant in consideration for the cancellation of the existing lease.

"Whenever Congress has authorized Indian allottees to lease their lands without the approval of the Secretary of the Interior it has limited the period for which the leases can be made, and in order to protect the Indian allottees it has been held that Congress intended thereby to authorize the allottees to make leases in possession, and not in futuro or reversion, and such is the doctrine of the Noble Case." United States v. Haddock, *supra*, at page 167.

As written, 62 Stat. 80 authorizes the lands described to be leased for up to a ten-year period, but includes no reference to re-leasing or renewal of the leases. The practice of the defendant in procuring execution of an instrument providing that an existing lease be canceled as of a date eighteen months in the future and on that future date a new ten-year lease become effective is not consistent with either the language, purpose or intent of the Congressional enactment.

" * * * here the practice was to annually terminate the existing five-year lease one year in futuro, and then enter into another five-year lease as of that date, thus staying within the letter of the Congressional mantle. Literally, this may be so, but in spirit, purpose and fact, I would side with a Bureau decision in 69 I.D. 203:

'Executory lease agreements with competent Crow Indians which purport to cancel existing leases between the same parties as of a date one year or eighteen months in the future and to take effect as five-year leases at the future date violate (62 Stat. 80, supra) and are void.'

Such a conclusion is consistent with the spirit of United States v. Noble, 237 U.S. 74 [35 S.Ct. 532, 59 L.Ed.

844]" Iron v. Knowles, 234 F.Supp. 327, 332 (D.Mont.1964).

This Court is in agreement with the principle stated above.

"Legislation affecting the Indians is to be construed in their interest, a purpose to make a radical departure from the traditional relationship of guardian and ward is not to be lightly inferred, and the courts reasonably may insist that the purpose of Congress to make such a departure be clearly indicated." United States v. 9,345.53 Acres of Land, 256 F.Supp. 603, 607 (W.D.New York 1966).

Compliance with the principles of statutory construction above stated is mandatory because the quoted language is substantially · identical to that of the United States Supreme Court in United States v. Celestine, 215 U.S. 278, 290–291, 30 S.Ct. 93, 54 L.Ed. 195 (1909) and United States v. Nice, 241 U.S. 591, 599, 36 S.Ct. 696, 60 L.Ed. 1192 (1916).

The cancellation and re-lease practice of the defendant in effect has prevented the Indian lessors from holding their lands unencumbered with the opportunity to deal with it as they choose at intervals no greater than ten years. Clearly, this is contrary to the spirit and objectives of the Crow Allotment Act and its various amendments, and specifically contravenes 62 Stat. 80. The leasing practice of defendant effectively makes his leases perpetual, rather than limited in duration, as the Act expressly requires.

For the reasons herein stated, this Court finds and holds the leases to be invalid and void from their inception.

The foregoing decision, with the agreed facts incorporated therein by reference, shall constitute the written Findings of Fact and Conclusions of Law of the Court in this case in compliance with Fed. Civ. Rule 52.

Counsel for plaintiffs is directed to promptly draft a judgment in conformity with this decision and upon approval as to form by defendant's counsel, forward it to the Court for signature.

It is so ordered.