BROWN et al. v. BARKER et al.

No. 1905.   Opinion Filed October 22, 1912.
Rehearing Denied February 18, 1913.

(130 Pac. 155.)

ESTOPPEL—By Deed—Rights Subsequently Acquired. Where R. sold and conveyed to B. by warranty deed a town lot to which he had no title, and thereafter acquired by warranty deed from H. a perfect title thereto, held that the same inured eo instante to the benefit of his grantee, and that the lien of a judgment, rendered and entered against the grantor prior to the first deed, did not attach to the land.

(Syllabus by the Court.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Florence A. Barker against Frank P. Brown and others. From the judgment, Brown and another bring error. Reversed and remanded.

*L. S. Fawcett,* for plaintiffs in error.

*Lewis C. Lawson,* for defendants in error.

TURNER, C. J.  On March 5, 1903, Keet & Roundtree Dry Goods Company, a corporation, recovered judgment against A. J. Rogers, one of the plaintiffs in error, defendant below, in the United States Court for the Indian Territory at Wewoka, for $202.40, which is unpaid.  On May 1, 1905, Jesse H. Hill sold and conveyed to him, by warranty deed duly recorded February 12, 1906, lot 10, in block 15, in the Lewis addition of Holdenville, then Indian Territory.  On February 8, 1906, said Rogers and wife sold and conveyed said lot by warranty deed, duly recorded, February 12, 1906, to Frank P. Brown.  On February 2, 1906, said Brown sold and conveyed said lot, with others, by warranty deed, duly recorded, to Florence A. Barker, one of the defendants in error, for $700 cash in hand paid, and took back a note secured by mortgage on the lots for $300, payable February 1, 1908.  On February 15, 1909, Florence A. Barker filed her petition in the district court of Hughes county against Frank P. Brown, the other plaintiff in error, A. J. Rogers, and Keet & Roundtree Dry Goods Company, setting forth the facts stated, and that she was ready and willing to, and would, pay said note but for the judgment aforesaid, which she alleges to be a cloud upon her title, and prays that said Brown and Keets & Roundtree Dry Goods Company be compelled to settle its validity, and that the same be removed.  After answer filed by Brown and Rogers, in effect denying the lien of said judgment, and by Keet & Roundtree Dry Goods Company, in effect that the same was valid and subsisting, and praying that the purchase money in the hands of plaintiff be applied in satisfaction thereof, and much other prolix pleading by all concerned, there was trial to the court, and

judgment in favor of Keet & Roundtree Dry Goods Company and against said Rogers, for the amount of said judgment and costs, which was ordered paid by plaintiff direct to said company in liquidation of its judgment and extinguishment of said lien, and Brown and Rogers bring the case here.

All parties in interest agree that the first question to be decided is:

"Was the judgment obtained by Keet & Roundtree Dry Goods Company against the defendant A. J. Rogers, on the 5th day of February, 1903, a lien on lot 10, block 15, Lewis addition, when the complaint herein was filed, to wit, February 15, 1909?"

The trial court held that it was; "that upon the conveyance of said lot to said Rogers, said judgment became a lien thereupon under the law then in force in said territory," and that the same was still valid and subsisting. In addition to the facts stated, the record further discloses that on May 27, 1902, Mrs. Holcomb, a single woman, conveyed by bill of sale to Katie Rogers, wife of said A. J. Rogers, the right of possession only to lots 2 and 3, in block 38, in Holdenville; that she and her husband at once took possession, and fenced said lots and built a house thereon, and occupied the same as their home; that when the Town-Site Commission came along by its survey these lots were cut down, and a part of each carved into the public domain; that the part so cut off, while it still remained within their original inclosure, was taken in allotment by another, and was afterwards brought back into the town site, together with a small portion of the allotment to which it belonged, and designated as lot 10, in block 15, of Lewis addition; that while said lot was in this shape—that is, without either A. J. or his wife owning or asserting title or right of possession thereto (she having had scheduled and obtained patent to herself of what remained of lots 2 and 3)—to wit, on April 29, 1905, said Rogers and wife sold and conveyed lots 2 and 3 in block 38 and lot 10 in block 15 by warranty deed to Frank P. Brown for $1,000, which was duly recorded May 17, 1905. Thus it will be seen that with this unsatisfied judgment outstanding against him, which from the date of its rendition was a lien upon his real estate (Mansf. Dig. sec. 3912) A. J. Rogers sold and conveyed lot 10 by warranty deed

to Frank P. Brown, and that he afterwards acquired title thereto by warranty deed from Jesse H. Hill, the owner of Lewis addition, of date May 1, 1905. As stated, the court held, applying said statute, that on that date the lien of said judgment attached to said lot. Not so, for the reason that *eo instante* upon the delivery of said deed the title thus acquired by Rogers inured to the benefit of Brown (Mansf. Dig. sec. 642), leaving no time for the lien to attach to the land, and the title of the grantee was prior thereto. It was so held where the judgment was rendered intermediate the first and second deeds, and we see no reason why the same rule should not obtain here, independent of the question of fraud, which we shall consider later.

In *Watkins et al. v. Wassell,* 15 Ark. 73, in the syllabus it is said:

"If one sells and conveys real estate to which he has no title, or an imperfect title, at the time of the sale, and subsequently acquires a perfect title, it inures to the benefit of the grantee; and if, between the date of the conveyance and the acquisition of the perfect title a judgment is rendered against the grantor, the title of the grantee is prior to the lien of the judgment."

In *Lamprey v. Pike* (C. C.) 28 Fed. 30, the court said:

"But with regard to the remainder of the property which is much the larger portion, it appears that, long before this judgment was rendered, Mr. Frederick Ambs had made a conveyance to Peter Ambs of the whole land, except these four lots, and that this conveyance was put on record before this judgment was rendered. It is true that Frederick Ambs afterwards acquired the legal title to that property. He had a bond, however, for the title when conveyed to Peter Ambs. It is insisted by defendant here that the title, in passing through Frederick Ambs, against whom there was this judgment, became affected with the lien of that judgment. But we are of a different opinion. We believe the true doctrine to be that in this case, by reason of the conveyance that Frederick Ambs made to Peter Ambs before he got the title, when he did get it, it inured to the benefit of Peter Ambs."

See, also, *Skidmore et al. v. Pittsburgh, etc., Ry. Co.,* 112 U. S. 33, 5 Supp. Ct. 99, 28 L. Ed. 693; *Cocke v. Brogan,* 5 Ark. 693; *Jones v. Green,* 41 Ark. 363.

1 Black on Judgments (2d Ed.) 421 says:

"The lien of a judgment does not in equity attach upon the mere legal title to land existing in the defendant, when the equitable title is in a third person. And transitory seisin of lands by the judgment debtor, in trust for another, will not subject the land to the judgment lien. To illustrate, in a recent case it appeared that A. agreed to purchase three lots from B. as agent for C., and the deed was made out to A., but he declined to receive it on the ground that he could not pay for the lots, and had agreed to let D. have them at the stipulated price. The agent refused to alter the deed, and D. paid the money to him, and A. conveyed the property to D. It was held that under these circumstances a judgment against A. was not a lien on the lands conveyed to D. The court observed that A. 'was vested with the naked legal title. The conveyance was made to him as a matter of convenience. He was a mere conduit, and held the legal title in trust for D. Under such circumstances A. had no interest on which the judgment became a lien. His creditors can only get what he had, and what he had was of no pecuniary value.' "

No question is raised on the *bon fides* of the conveyance of lot 10 by Rogers and wife to Brown of date April 29, 1905, and none can be for the reason that, as neither Rogers nor his wife had title to said lot at that time, this creditor could not be defrauded by a conveyance of that which could not be subject to the payment of its debt. And no fraud is attempted to be predicated on that conveyance. As to the conveyance of May 1, 1905, by which Rogers got title from Hill to the lot, and which, we have just held, inured *eo instante* to the benefit of Brown, the court found, not that the same was a fraudulent conveyance in any sense, but "that soon after so obtaining said deed from said Hill for said lot No. 10 aforesaid, said Rogers left the Indian Territory, and went beyond the jurisdiction of the courts of said territory, and ever thereafter and at the present time remained out of said territory, and beyond the jurisdiction of said court at all times thereafter, before and after statehood of this state; * * * that said Brown is the son-in-law of said Rogers and wife; that said Rogers concealed the fact that he so owned said lot then, and failed and refused to have said deed from said Hill therefor recorded until after the said sale to said plaintiff, of all of which said Brown had full and complete notice at the time he so took said deed therefor from said Rogers." All of which

is of no consequence in the view we have taken of the case; for if neither of the conveyances mentioned were fraudulent as to this creditor at their inception, they could not be rendered such by the fact that the grantee in the second departed the state and failed to record it.

We are therefore of the opinion that, as the title to the lot in controversy passed from Rogers to Brown immediately upon the execution and delivery of the deed of May 1, 1905, from Hill to Rogers, there was no moment of time in which the lien of Keet & Roundtree Dry Goods Company could attach, and for that reason the judgment of the trial court is reversed, the cause to be proceeded with pursuant to the views herein expressed.

All the Justices concur.