## McALLISTER v. CLARK.

No. 11589—Opinion Filed June 5, 1923.

Rehearing Denied July 10, 1923.

1. **Vendor and Purchaser—Priority of Deeds—Bona Fide Purchaser—Effect of Notice of Prior Deed Before Payment of Balance of Consideration.**

If two grantees hold a deed from the same source for similar cash payments and promises to pay the balance of the consideration at future dates, and if the subsequent grantee did not have actual or constructive notice of the first conveyance, the equities of the grantees are equal, and the parties will be required to look to the law for the settlement of their property rights. The rule of law is that the party holding the deed first to be filed for record is the owner of the land. In this situation notice of the first grantee's deed prior to the payment of the balance of the consideration by the subsequent grantee will not affect the rights or title of the latter to the property.

2. **Liens—Lien on Land for Lender of Purchase Price to Grantee.**

The interpleader bank, having furnished the money to pay the purchase price of the lands for the second grantee, in the absence of objection by the second grantee, will be held to have a lien on the land to secure the payment so made.

3. **Appeal and Error — Review of Equity Case—Sufficiency of Evidence.**

In cases of purely equitable cognizance this court will examine the entire record and weigh the evidence, but will not reverse the judgment of the trial court unless it is clearly against the weight of the testimony.

4. **Same—Affirmance.**

We have carefully examined the record, and hold that the judgment of the trial court is not clearly against the weight of the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by A. M. McAllister against R. A. Clark to quiet title to real estate, in which action the First National Bank of Stilwell, Okla., interpleaded, asserting a lien through the defendant R. A. Clark to the land in-

volved. Judgment for defendant and interpleader. Plaintiff brings error. Affirmed.

Kornegay & Probasco, for plaintiff in error.

Wm. P. Thompson, for defendant in error.

S. F. Parks and E. B. Arnold, for interpleader.

Opinion by STEPHENSON, C. The plaintiff commenced his action in the district court of Craig county against the defendant to quiet title to certain lands against the defendant, which the plaintiff claimed to own by a deed of conveyance. The First National Bank of Stilwell interpleaded in said cause, alleging that it furnished to R. A. Clark, the defendant, the money to purchase the land involved in this action, and by virtue thereof it held a lien in and to said property to secure the payment of said money provided by the interpleader to R. A. Clark, for the purchase of the land. The evidence shows that the land in question was allotted to Oliver Scraper, a full-blood Indian, who had previously secured a removal of the restrictions from the land. The evidence shows that the plaintiff, A. M. McAllister, purchased the land from the allottee on March 6, 1918, making a cash payment of $100 and agreeing to pay the balance of $1,100, if the title was clear. R. A. Clark took a deed from the same allottee on March 8, 1918, through his agents. The evidence further shows that R. A. Clark placed with the interpleader a check for $1,600 for use in the purchase of the property, and placed a notation on the check to the effect that the check should not be paid by the bank except upon wire instructions from Clark. The agents paid the grantor $100 each at the time of taking the deed, agreeing to pay the balance later, presumably if the title was found to be good. Later the bank placed $900 to the credit of the grantor in its bank and under an apparent agreement between one of the agents and Oliver Scraper, paid the agent the sum of $600.

It does not appear from the evidence that Clark understood what disbursements would be made of the $1,600 check, and we deem it an immaterial question as between the plaintiff and the defendant. It is not clear from the evidence whether or not the disbursements were made upon the instructions of Clark. However, as Clark asserted ownership to the property through deed, and accepted the fruits of his agent's action, he would be estopped to raise this question. This is not a matter that may be questioned by the plaintiff. When the $1,600 check was forwarded to the bank for collection, Clark

refused to honor it, and this refusal left the interpleader unprotected for the sum of money paid on the Clark deed, and the bank interpleaded in this cause to have a lien declared in its favor upon the property covered by the deed.

It is claimed that the defendant took his deed with the knowledge of plaintiff's deed. One of the agents of Clark stated in Clark's presence at the time the deed was taken on March 8th, that rumors were afloat to the effect that Oliver Scraper had already sold the land, but the rumor did not name any particular individual as having purchased the land.

According to the evidence of the defendant, in a conversation between Clark and McAllister on March 11th, the latter stated that he had purchased the land in question and had placed his deed on record. Clark then went to the county seat and searched the records and failed to find the McAllister deed on record, and therefore placed his deed of record. It appears from the evidence that each party has paid equal sums on the purchase price, and had agreed to pay the balance when their respective deeds showed the conveyance of a good and sufficient title to the land in question.

In view of this situation the equities of the parties are equal, and they are required to look to the law for the determination of their rights in the property. The law will declare the party holding the first deed filed for record to be the owner of the land. Even though Clark did not pay the full consideration for the purchase, and was yet owing the balance of the purchase price over and above the $100, this would not entitle the plaintiff to prevail over the defendant, as the former was in like situation. The equities of each being equal, the parties are in the same status as if each had paid the full consideration provided by the contract to purchase.

This being true, it becomes a question whether or not the defendant Clark had notice of the deed to the plaintiff. The evidence is conflicting on this point. The judgment of the court was in favor of the defendant upon this issue.

The assignments of error are mainly directed to the sufficiency of the evidence to support the judgment of the court in favor of the defendant. This court has previously announced the rule to be that in cases of purely equitable cognizance the findings of fact by the trial court will not be disturbed by this court unless same are clearly against the weight of the evidence. From an ex-

amination ·of the record it appears that the judgment is not contrary to the testimony and, according to the rule announced by this court, the cause ought to be affirmed. Parker v. Tomm, 78 Okla. 103, 188 Pac. 1074; Swan v. Duncan, 78 Okla. 305. 190 Pac. 678; Interstate Building & Loan Co. et al. v. Oklahoma City, 84 Okla. 227, 203 Pac. 172; McLaughlin et al. v. Yingling et al., 90 Okla. 159, 213 Pac. 561.

As no question arose between Clark and the intervener as to the lien claimed by the latter in the property, there appears to be no error upon the part of the trial court in allowing the lien in favor of the interpleader to secure the $1,600 paid by the bank in the purchase of the land.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.