## YAMIE v. WILLMOTT et al.

No. 28533.  Feb. 28, 1939.

C. L. Hill and W. H. Ballard, for plaintiff in error.

R. J. Roberts, for defendants in error.

HURST, J.  This is an action by John W. Willmott and Eulahmae Reed against Willie Yamie to quiet title to an undivided interest in the mineral rights under three separate tracts of land.  The land involved consists of a 20-acre tract originally allotted to Betsey Canard, a 40-acre tract orig-inally allotted to Nessie Yamie, and another 40-acre tract originally allotted to Yama Larney.  The trial court found that plaintiffs were the owners of an undivided three-eighths interest in the mineral rights under the Betsey Canard 20 and an undivided one-half interest in the mineral rights under both the Nessie Yamie and the Yama Larney 40's.  Defendant, Willie Yamie, appeals.

The evidence submitted by plaintiffs consists wholly of stipulations by the parties and exhibits introduced to establish title to the fractional interests claimed.  The evidence submitted by defendant and admitted by the court consists wholly of exhibits introduced to show the title of defendant and to establish defendant's contention that plaintiffs have no interest in the Betsey Canard 20 and only an undivided one-twelfth interest in the Nessie Yamie 40, and an undivided one-sixth interest in the Yama Larney 40.

We shall not, in this opinion, attempt to detail the numerous conveyances comprising the chain of title to each tract, but shall limit our consideration to the contentions made by defendant in his brief, with a recital of only such facts as are necessary to a determination of such contentions.

■ Defendant presents one proposition, which he has subdivided into five "questions". The first and third require scant consideration.  Under the first "question" it is contended that a deed in the chain of title from one Billie Larney to Ray W. Reed was not introduced in evidence, although a copy was attached to plaintiffs' petition, and further that it was not approved by the county court.  However, it was stipulated by the parties at the trial that Billie Larney transferred all his right, title, and interest in the property involved by direct convey-ance to Ray W. Reed, and this is a solemn judicial admission which dispenses with the necessity for further proof of this convey-ance. 60 C. J. 81.  Moreover, it appears from an order of approval introduced in evidence by plaintiffs that the conveyance in question was properly approved by the county court.

Under the third "question" it is contended that a deed from one Medisse Joseph to plaintiffs' predecessor in title conveyed nothing, for the reason that Medisse had no title to convey.  But the parties stipulated at the trial that Medisse was the heir of Nessie Yamie, which established title in her as contended by plaintiffs.  Stipulations made in open court admitting or agreeing on the existence of certain facts for the purpose of the trial are binding and con-

clusive on the parties as to such facts during the progress of the trial, and on appeal. 60 C. J. 43, sec. 8; Id. 78, sec. 68; Blankinship v. Oklahoma City Light & Water Power Co. (1896) 4 Okla. 242, 43 P. 1088; Walker v. Eikleberry (1898) 7 Okla. 599, 54 P. 553; Consolidated Steel & Wire Co. v. Burnham (1899) 8 Okla. 514, 58 P. 654; Silmon v. Rahhal (1936) 178 Okla. 244, 62 P.2d 501.

■ The second "question" deals with the Betsey Canard 20. It is contended that the deed from one Nicey Larney conveyed nothing in this tract because "the twenty involved in this case is not described as any of the land conveyed". However, the record shows the approval by the county court of the deed in question describing, among others, an 80-acre tract, which includes the Betsey Canard 20. This is sufficient to convey whatever interest Nicey Larney had in any part of the 80 acres so described.

■ Defendant's fourth "question" is directed to a deed by Willie Yamie and his wife to one of plaintiffs' predecessors in title and another deed by Willie Yamie as guardian for his brothers. James Larney and Bunnie Larney, to the same grantee. It is contended that these two deeds were not absolute conveyances. Willie Yamie's personal deed is dated March 5, 1919, and recites that it is given "in consideration of the * * * exchange of lands of equal value." The order of the county court approving this deed, entered March 24, 1919, shows that it was made in consideration of certain lands "given him". The deed by Willie Yamie as guardian was dated and confirmed on April 7, 1919, and recites a consideration of $2,500. The grantee in these deeds was at the time the owner of certain interests in these premises and defendant introduced a transcript of the testimony taken upon the approval of Willie Yamie's personal deed upon the issue of the value of the lands traded. Defendant argues that because Willie Yamie's personal deed was executed at a time when the proceedings for the execution of his deed as guardian were pending, and because of a statement in the transcript where he said "by trading we will get more land together". that "there must have been an agreement between them to do this" and "Willie Yamie, at that time must have had in mind the sale of the lands of his wards, James and Bunnie Larney". Thus it is argued the guardian's deed as well as Willie's personal deed were given in trade for other interests in the land owned by the grantee, who was their cotenant, and constitute a mere division of property, or

voluntary partition. Authorities are cited to the effect that a partition deed does not pass title, but merely adjusts the different rights of the parties as to the possession. See Perry v. Jones (1915) 48 Okla. 362, 150 P. 168. But the record does not bear out defendant's theory. There is no agreement in the record such as defendant contends there must have been. Nowhere in the transcript of the evidence taken upon the approval of Willie's deed does it appear that he referred to his two brothers for whom he was acting as guardian. The one statement relied on, when taken in connection with the other testimony, shows nothing. The fact that both deeds were executed about the same time is not of itself sufficient. Moreover, the guardian's deed on its face appears to be an absolute conveyance for a cash consideration.

■ One further question remains for consideration. On September 28, 1918, Thomas O. Criswell executed a warranty deed to plaintiffs whereby he conveyed an undivided one-half interest in the oil, gas, and other minerals under the three tracts of land involved herein. The deed contained the recital that "it is the intention of the parties that this deed shall convey an undivided one-half interest in all the right, title, and interest in and to said lands which the first party (Criswell) now has or may hereafter acquire in so far as the oil, gas, and other minerals are concerned". At that time, Criswell did not yet own the interests conveyed by Willie Yamie's personal deed, or his deed as guardian, referred to above. Therefore, on the same day, September 28, 1918, Criswell and another entered into a written contract with plaintiffs whereby it was agreed that should the parties therein named ever acquire the interests of Willie Yamie, or James and Bunnie Larney, for whom Willie Yamie was acting as guardian, such interests would be conveyed to Criswell, it being the intention that such interests would then be covered by the warranty deed executed by Criswell to plaintiffs.

The record shows that the deeds from Willie Yamie, personally, and from Willie Yamie, as guardian, were executed to Thomas O. Criswell in 1919, and we have held them to be valid conveyances passing title to the interests therein specified.

The record also shows that subsequently, on September 9, 1920, Thomas O. Criswell and others executed a warranty deed reconveying the three tracts here involved to Willie Yama (Yamie).

Plaintiffs contend that the deed and con-

tract are to be considered together as one transaction, and that the contract creates an executory contract for the sale of these additional mineral interests, constituting plaintiffs the equitable owners. It is then argued that the deed back to Willie Yamie in 1920 passed none of the mineral interests now involved, because they had been effectively conveyed to plaintiffs when they were acquired by Criswell in 1919.

Defendant does not question the mineral deed and contract as a sufficient device to convey the additional interests to plaintiffs nor does he rely on the deed back as a basis of his claim of title. He contends that Willie Yamie was not a party to this contract and had no notice thereof and therefore it is not binding on him.

But whether Willie Yamie was bound by the contract is immaterial, since his conveyances to Criswell passed title. The contract pertained only to the interests of plaintiffs and the Criswells, and there is no dispute among themselves. The warranty deed, considered with the contract, purported to convey an interest in property which the grantor did not own, but subsequently acquired. Therefore when the additional interests were acquired, they inured to the benefit of the plaintiffs. Section 9678, O. S. 1931 (16 Okla. St. Ann. sec. 17); Brown v. Barker (1912) 35 Okla. 498, 130 P. 155; Holleman v. Cushing (1921) 84 Okla. 156, 202 P. 1029; 21 C. J. 1074, sec. 39 et seq. Such being the case, Willie Yamie did not acquire title to these additional mineral interests as against plaintiffs, by the subsequent reconveyance by the grantor, Criswell.

We therefore conclude that the record establishes title in plaintiffs as adjudged by the trial court.

Judgment affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DANNER, JJ., concur.