## COLBY v. HAYES.

*97 P. 2d 65.*

No. 28844. Dec. 19, 1939.

L. T. Cook and George Bingaman, both of Purcell, and Ben F. Williams, Homer H. Cowan, and T. R. Benedum, all of Norman, for plaintiff in error.

Roy Glasco, of Purcell, for defendant in error.

DAVISON, J. The defendant in error, claiming possession and title to a 20-acre farm in McClain county, commenced this action on March 11, 1937, against the plaintiff in error, to cancel the latter's purported real estate mortgage covering said property and to quiet her title against said mortgagee.

The parties will hereinafter be referred to by their trial court designation of plaintiff and defendant.

The trial resulted in a judgment for the plaintiff, and the defendant has appealed.

The land involved was allotted to one Edward Bruner, a Chickasaw freedman, under a patent dated August 15, 1905, and an allotment certificate dated November 22d of the same year.

Bruner was born on November 25, 1901.

The defendant's mortgage on said real estate was executed on November 22, 1924, by one J. H. Colby and Lula O. Colby, his wife, and was filed of record two days later. Said mortgagors are claimed to have derived their title to the allotment in question through one or both of two warranty deeds. Both of said deeds were executed by Edward Bruner, as grantor, to Mrs. Colby, as grantee, and both described the same land. One of them was dated November 24, 1922, while the other was dated the following day. The first of these deeds was placed of record on the date of its execution, but the last one was not recorded until November 27, 1928.

The plaintiff purchased the land in August, 1936, from H. R. Jacobs and Joe P. Crawford, who are the grantees named in another warranty deed which Bruner executed on November 25, 1922, the same day that he executed the second deed to Mrs. Colby. This deed to Jacobs and Crawford was filed of record on November 27, 1922.

All of the defendant's contentions on appeal are presented under the single

284

proposition that the judgment of the trial court in favor of the plaintiff is contrary to law and the weight of the evidence.

In support of this proposition, it is first asserted that said judgment was based upon an erroneous application of our decision in the case of Colby v. Glasco, 125 Okla. 224, 257 P. 322. In that case, section 4972, C.O.S. 1921 (sec. 9393, O. S. 1931), was applied to a Chickasaw freedman, and he was accordingly held to have arrived at his majority on the first moment of the 21st anniversary of his birth, instead of the first moment of the day before said anniversary. By the application of this rule to the present case, it will readily be seen that Edward Bruner did not reach his majority until November 25, 1922, and that his first purported conveyance to Mrs. Colby was executed and delivered while he was still a minor. Counsel for the defendant seem to regard this fact as immaterial; however, in view of their contention that by the Act of Congress of April 21, 1904 (33 Stat. 189), all federal restrictions upon the alienation of the land in question were removed, and that, under state law, said deed was merely voidable and was ratified by the second deed whereby he conveyed the same land to the same grantee on his 21st birthday.

The defendant's position with reference to the deed of November 24, 1922, is clearly untenable. The Act of April 21, 1904, supra, provides that "all retrictions upon the alienation of lands of all allottees of either of the Five Civilied Tribes of Indians who are not of Indian blood, *except minors*, are . . . . hereby removed . . . ." (italics ours). It has long been settled that under the acts of Congress in effect at the time of the transaction in question, minority was in the nature of a restriction upon the alienation of allotted lands, rendering a purported conveyance of such land executed by the minor allottee himself not merely voidable, but absolutely void. See cases cited in quotation from First State Bank of Hewitt v. Lowery, 72 Okla. 115, 178 P. 983, appearing in Mortgage & Debenture Co., Ltd., v. Burrows, 75 Okla. 94,

182 P. 238, at page 240 of the Pacific Reporter; Brockman v. Roberts, 89 Okla. 57, 213 P. 545; O'Conner v. Johnson, 107 Okla. 5, 229 P. 146; Decker et al. v. Hickman, 116 Okla. 65, 243 P. 516; Denney v. Akers, 117 Okla. 274, 247 P. 34; Truskett v. Closser, 236 U. S. 223, 35 Sup. Ct. 385, 59 L. Ed. 549. As the first deed from Bruner to Mrs. Colby was void when executed on November 24, 1922, it was incapable of being affirmed or ratified by his second deed to her on November 25, 1922. See 31 C. J. 1028, par. 84; O'Conner v. Johnson, supra; Crowe v. Warnarkee, 114 Okla. 153, 154, 244 P. 744, 745. As the execution of the second deed could not relate back to the first one so as to give effect to it, the rights of the defendant derived from the Colbys will be considered as if said deed had never existed. Since said deed was a nullity, it is unnecessary to examine the evidence concerning the question of whether the plaintiff or her grantors had actual as well as constructive knowledge of the existence of same, before the execution and delivery of the deed through which their rights were derived. Knowledge of its existence conveyed no notice of the rights of anyone, because no one can claim any rights under it. Simmons et al. v. Whittington, 27 Okla. 356, 112 P. 1018.

The record does not establish which of the two deeds dated November 25, 1922, was executed and delivered first. There is testimony on behalf of the plaintiff that Bruner executed the deed to Jacobs and Crawford and delivered the same to Crawford in Oklahoma City at approximately the same hour that he is claimed by the defendant's witnesses to have executed the Colby deed of the same date in the same city. The testimony of Jacobs and Crawford to the effect that they had no knowledge of the existence of the Colby deed at the time of their purchase is undisputed. Counsel for the defendant sought to establish that the Colbys were in possession of the premises through their tenant, Frank Dodson, on November 24, 1922, but we cannot say that the evidence to this effect is of greater weight than the testimony that Dodson

did not occupy said premises until the year 1923. Since Mrs. Colby's first deed was a nullity and the evidence is such that a finding that Jacobs and Crawford were innocent purchasers without notice of her claims under the second deed is not contrary to the clear weight of the evidence and the trial court's judgment in favor of the plaintiff may be treated as including such a finding, we must hold that under section 9672, O. S. 1931 (16 Okla. Stat. Ann. § 15), title to the land in question passed to H. R. Jacobs and Joe P. Crawford by the deed executed and delivered to them on November 25, 1922, and recorded November 27, 1922. This is in accord with our decision in Bates v. Rogers, 178 Okla. 164, 62 P. 2d 481, wherein we followed the opinion promulgated in McAllister v. Clark, 81 Okla. 205, 217 P. 178, and held:

"The law will declare the party holding the first deed filed for record to be the owner of the land."

The opinions cited contain no express treatment of the effect of sections 9672 and 9673, O. S. 1931, upon the rule enunciated. There is some difference of opinion as to the precise interpretation that should be given similar recording acts in other jurisdictions, with the result that the views expressed by some courts are in apparent conflict with the rule this court has followed. See annotation, 32 A.L.R. 344. However, the reasons given for those views of the statutes of other jurisdictions are not sufficiently convincing, in our opinion, to warrant our disturbance of a rule that has doubtless been relied upon in numerous transfers of real estate in this jurisdiction throughout more than a decade. We think that it has now become a "rule of property" and is not open to reconsideration, even though there be reasonable doubt as to its correctness. See, generally, 14 Am. Jur. p. 283, par. 60; p. 286, par. 65; p. 343, par. 126; and Farmers Bank of Cherokee v. De Fever, 177 Okla. 561, 61 P. 2d 245.

From the foregoing considerations, it follows that Bruner's deed to Mrs. Colby of November 25, 1922, not having been recorded until November 27, 1928, con-

veyed no right, title, or interest superior to the title of Jacobs and Crawford. This being true, the defendant's mortgage from Mrs. Colby and her husband furnished him no basis for successfully challenging the plaintiff's right to the relief she sought and obtained in the trial court.

Upon the basis of the views herein expressed, we conclude that the judgment of that court is neither contrary to law nor to the evidence, as charged, and the same is hereby affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and GIBSON, JJ., concur.