Curtis (Curt) BROWN, Plaintiff in Error,

v.

Pauline BROWN, Defendant in Error.

No. 39223.

Supreme Court of Oklahoma.

Oct. 3, 1961.

Ted R. Fisher, Tulsa, for plaintiff in error.

O. C. Lassiter and A. Langley Coffey, Tulsa, for defendant in error.

JACKSON, Justice.

Parties will be referred to herein as they appeared in the trial court.

Plaintiff wife sued defendant husband for a divorce and in the petition asked for a division of property. About seven months later, and before trial, the parties entered into a property settlement agreement in which the husband agreed, among other things, to pay "the attorney's fee

* * * for and on behalf of" the plaintiff "and all costs of this action, including the fee of one Mr. Gene Dunbar, an accountant appointed by the Court to act for and on behalf of" the plaintiff. Thereafter trial was had, in which the chief issue was the amounts of the two fees mentioned. The trial court granted the wife a divorce, approved the property settlement, and set the fee for the wife's attorney at $10,000, and the accountant's fee at $1,750.

The husband appeals from the judgment only insofar as the fees are concerned and here argues that the fees were excessive, and that the court erred in making the judgment for fees a lien against the corporate stock and assets of the Curt Brown Drilling Company, a corporation.

Omitting immaterial details, the property settlement which the court approved provided for alimony to the wife in the total amount of $119,000, payable at the rate of $1,000 per month, and further provided that the husband should transfer to his wife one half of the producing oil and gas leases owned by him and his corporation, and one half of the leases on which wells had been drilled but upon which, for lack of equipment, production had not been begun. The total value of these properties is not shown, but there was evidence that annual production has been between about $22,000 and about $44,000.

The property settlement agreement (termed a "Separation Agreement" by the parties) was made only after lengthy efforts on the part of plaintiff's attorney and Mr. Dunbar to determine the net worth of the husband, which consisted almost entirely of the stock and assets of the Curt Brown Drilling Company. There is evidence that the husband was less than cooperative in this regard.

Defendant cites Richard v. Richard, 142 Okl. 302, 286 P. 900, in support of the proposition that the husband's ability to pay is a controlling factor in determining the fee to be allowed the wife's attorney. However, the fact that the husband voluntarily agreed to pay his wife $119,000, and

to set over to her a one-half interest in about twenty-five different oil or gas producing properties, is some evidence of his ability to pay.

Defendant also cites McCarty v. McCarty, 193 Okl. 18, 141 P.2d 103, as being almost analogous to the case now before us, but we do not find it so. In that case an attorney fee of $3,400 allowed by the trial court was reduced to $2,000. There had been a previous (1937) divorce and property division, after which the parties remarried. Before the parties remarried, and in contemplation thereof, the husband agreed to convey to the wife one-half of the property he owned at the time of the 1937 divorce, and to pay the balance remaining due on a $36,000 alimony award made to the wife in the 1937 action. In the subsequent divorce action, in 1940, the court "quieted title" in the wife to the property conveyed to her before the remarriage, directed payment of the balance due on the $36,000 awarded in the 1937 action (and which the husband agreed to pay before the remarriage), and made an additional award of $10,000 as alimony. Consequently, it may be said in practical effect that all the wife gained in the second divorce in the way of property, that she did not own before the divorce, was the additional $10,000 in alimony. It was upon this basis that this court reduced the fee to $2,000. Of course the circumstances are very different here.

The only other case cited by defendant is Helvey v. Helvey, Okl., 262 P.2d 445. In that case, wherein an attorney fee of $7,500 was allowed, the net assets involved were worth about $100,000. Here, because of the property settlement, the net worth of the husband was not specifically shown. Evidence before the court, however, justifies the conclusion that it was considerably more than $100,000.

In the case before us, three practicing attorneys testified as to the reasonable value of the services of plaintiff's attorney. One placed the value at $10,000; one said that a reasonable fee would be $15,000; and the third gave it as his opinion that a

reasonable fee would be "between seventy-five hundred and ten-thousand dollars". These witnesses were produced by plaintiff, and the defendant produced no testimony at all on this point.

As to the fee allowed the accountant, a certified public accountant testified for plaintiff that a fee of $2,500 would be reasonable. Another accountant, employed by defendant, testified for defendant that " * * * if I was called upon to do it, my fee would be between five hundred and seven hundred fifty dollars". After an objection to the general effect that the answer was not responsive to the question asked, the witness said " * * * then I am not in a position to estimate or even state a fee on this basis, having never done anything like this or any ways near, I cannot suggest or estimate a fee".

Upon this state of the record, we cannot say that the fees allowed were excessive, or that the judgment in this regard was not reasonably supported by the evidence. Brannon v. Brannon, 207 Okl. 529, 250 P.2d 447.

We find it unnecessary to consider the alleged error of the court in making the judgment for fees a lien against the corporate stock and the corporate assets of the Curt Brown Drilling Company, a corporation, for two reasons, the first one being that the assignment of error is not supported by authority. This court has consistently held that assignments of error, unsupported by authority, will not be reviewed, unless it is apparent without further research that they are well taken. Witt et al. v. Westheimer et al., 182 Okl. 645, 79 P.2d 250; Title Guaranty & Surety Co. v. Slinker, 35 Okl. 128, 128 P. 696. While 18 O.S.1951 § 1.243 requires us to take judicial notice of "the constitution and statutes applying to corporations", and judicial interpretations thereof, such statute cannot be said to be a citation of authority in support of the proposition that the lien was improperly imposed in this case. It should be noted that prior to the enactment of the above statute, this court held that it would take judicial notice of the statute law of this state, and of its own judgments and decrees. Johnson v. Grady County, 50 Okl. 188, 150 P. 497; Loeser v. Loeser, 50 Okl. 249, 150 P. 1045.

The second reason is that we are unable to determine that this issue was presented to the trial court in motion for new trial.

The judgment of the trial court is affirmed.

DAVISON, HALLEY, JOHNSON and IRWIN, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and BERRY, J., concur in part and dissent in part.