Ralph H. PHILLIPS, Plaintiff in Error,

v.

H. E. LADD, Lucy Grace Ladd and Walden-Page Memorial Hospital, and W. E. McIntosh, County Treasurer, Tulsa County, Oklahoma, Defendants in Error.

No. 40640.

Supreme Court of Oklahoma.

Feb. 9, 1965.

A. H. Slemp, Jr., Tulsa, for plaintiff in error.

John L. Dunn, Tulsa, and O. B. Martin, Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

This appeal arose out of an action commenced in August, 1961, by plaintiff in error, hereinafter referred to as plaintiff, to quiet his title to, and obtain possession of, a small, 12-foot-wide strip described as follows:

"Beginning at a point 105 feet South and 60 feet West of the Northeast

**503**

Corner of the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of Section 26, Township 20 North, Range 13 East, Tulsa County, State of Oklahoma, thence West 135 feet, thence South 12 feet, thence East 135 feet, thence North 12 feet to the point of beginning."

Said strip is part of a larger tract to which plaintiff obtained his claimed title by purchase from the County at a tax resale. This larger tract purportedly conveyed to plaintiff by the County Treasurer's Resale Deed dated May 13, 1960, issued pursuant to said resale, may be described as follows:

"Beginning at a point 105 feet South and 60 feet West of the Northeast corner of the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of Section 26, Township 20 North, Range 13 East, thence West 135 feet, thence South 60 feet, thence East 135 feet, thence North 60 feet to the point of beginning."

In addition to other indicated relief, plaintiff, in his second alleged cause of action sought the sum of $18,000.00 as the reasonable rental value of the 12-foot-wide strip, which the evidence subsequently adduced at the trial, shows is occupied by part of Walden-Page Memorial Hospital, one of the defendants. In March, 1960, the Hospital acquired title by mesne conveyances from the defendants, H. E. and Lucy Grace Ladd, husband and wife, to a tract 135 feet by 90 feet which adjoins the last above-described tract on the north. Mr. and Mrs. Ladd did not convey to the Hospital, or any of its predecessors in title, the 12-foot-wide strip involved here until they delivered to it their deed dated September 23, 1960, setting forth the following description (which, as will be seen, encompasses said strip):

"Beginning at a point 15 ft. south and 60 ft. west of the Northeast corner of the SE/4 of the SE/4 of the SE/4 of Section 26, Township 20 North, Range 13 East; thence west 135 feet; thence south a distance of 102 ft; thence east 135 ft; thence north 102 ft. to the point of beginning."

It developed at the trial that a few days before plaintiff's hereinbefore mentioned purchase at tax resale in May, 1960, a "COMPLAINT OF ERRONEOUS ASSESSMENT AND PETITION FOR CORRECTION" describing the same property described in plaintiff's resale deed, and subscribed to by Bessie Yarbrough, a deputy of the County Assessor, had been filed with Tulsa County's Board of Tax Rolls Corrections, and, upon the order of said Board, a "CERTIFICATE OF ERROR AND ORDER TO CORRECT TAX ROLLS" dated May 10, 1960, was forwarded to the County Treasurer. This order remitted, or effected credits of, various small sums on the property's previously assessed ad valorem taxes for the years 1952 to 1957, both inclusive, apparently on the ground stated in the Complaint, i. e., double assessment. The evidence further showed that a similar complaint for erroneous assessment was filed in August, 1960, for an alleged double assessment of the property's taxes for the year 1959; and a certificate of error on that complaint was issued September 13, 1960.

At the close of all of the evidence, the court entered judgment for the defendants, finding Mr. and Mrs. Ladd and Walden-Page Memorial Hospital to be the legal owners of the 12-foot-wide strip involved herein, and further finding that, by its aforementioned certificate, dated May 9, 1960, the Board of Tax Rolls Corrections directed the County Treasurer " * * * to strike from the tax roles those taxes on which the resale tax deed was issued to plaintiff * * *, that the Board having previously determined that the property, which is the subject of this action, had been assessed twice for the years in question and that lawful taxes thereon had been remitted and were not delinquent at the time the property was advertised and sold. * * *." By its judgment, the court cancelled plaintiff's resale tax deed and quieted the property's title in the defendant owners. The

judgment, by its terms, was to become effective upon said owners' payment, in accord with their previous tender, of the property's delinquent taxes, with penalties and interest thereon.

█ Under its first proposition for reversal plaintiff contends that the hereinbefore described 12-foot-wide strip was not doubly assessed. This appears to be true, but, as hereinbefore noted it is part of the larger 135 foot by 60 foot tract, whose southern part is indicated by the aforementioned complaint of erroneous assessment of May, 1960, to have been· included in an assessment of property described as: the South 60 feet of the North 177 feet of the East 195 feet of the SE¼ of the SE¼ of the SE¼ less 60 feet for "St" (street). Plaintiff makes no contention, nor demonstration, that such double assessment of all of the 135 foot by 60 foot tract described in his tax resale deed, except the 12-foot-wide strip, did not, in and of, itself, render said resale void, to the same degree as the trial court treated it. If the trial court's apparent conclusion was correct, that the double assessment of part of the land purportedly covered by plaintiff's resale deed rendered it void—and plaintiff makes no contention to the contrary—then its erroneous finding that the doubly assessed part was the 12-foot-wide strip, rather than the larger tract, is immaterial and demonstrates no ground for reversal. See Mortgage Bond Co. v. Stephens, 181 Okl. 419, 74 P.2d 361.

In further argument under his Proposition I, plaintiff seems to attach some significance to the fact that the subject 12-foot-wide strip was not deeded to the Hospital by the Ladds until *after* his tax resale purchase of the larger tract, whose description included it. He does not point out, however, how this fact has any *material* significance, if the tax sale, upon which plaintiff's title depended, was void by reason of the property's previous erroneous assessment. If the Tax Correction Board's order, finding part of the tract to have been doubly assessed, had the effect of rendering its original sale for taxes invalid, and the 12-foot-wide strip

legally ineligible, on account thereof, for including in the resale that occurred (as hereinbefore shown) a few days after said Board's order, then we see no reason why the Ladds' subsequent deed to the Hospital could not confer upon said grantee, all benefits they may have derived from such invalidity.

Plaintiff's first contention under his Proposition II is that the proceedings before the Board of Tax Rolls Corrections did not comply with Tit. 68 O.S.1951 and 1961, section 184d(4), in that it did not appear at the hearing before said Board, as a prerequisite for its order, that property had "been assessed more than once for the taxes of the same year; * * *". This contention is apparently based upon plaintiff's aforementioned erroneous view that the complaint of erroneous assessment in evidence did not allege that some of the same land was assessed more than once for the same year, because the descriptions there set forth did not overlap. Having hereinbefore shown this argument to be based upon an ineffective hypothesis, it is unnecessary to consider it further.

█ Plaintiff next contends that: "The Board of Tax Roll Corrections only has authority to execute Certificates of Error and Order to Correct Tax Rolls upon the current tax rolls"; and that: "The Statute provides another method to redeem property when it has been bid in by the county at a tax sale." Irrespective of the correctness of the last quoted sentence, we have searched plaintiff's brief in vain for citation of authority to support his first quoted statement, which, as applied to this case, is in effect that the Board of Tax Corrections had no authority to order in 1960, as it purported to do, correction of taxes that had been doubly assessed for the years 1952 to 1957, both inclusive, and 1959. Plaintiff points out, and we find, no provision in the Act itself containing such a limitation upon said Board's authority. The correctness of plaintiff's argument is not apparent and it is unnecessary, under the prevailing rule, for us to

adjudicate it. See Brown v. Brown, Okl., 365 P.2d 385.

Plaintiff next says that the aforementioned complaints of erroneous assessment did not show, as Section 184d, supra, provides: "that the complainant was not at fault through his own failure to fulfill any duty enjoined upon him by law, * * *". It is our opinion that since the complaints showed that the error sought to be corrected was the result of part of such property's having been duplicately assessed for the same year as a part of two different tracts belonging to two different taxpayers, said complaint sufficiently complied with the cited statutory provision to support the Tax Correction Board's order.

Reference is next made to the fact that the trial court sustained opposing counsel's objection when plaintiff's counsel interrogated the witness Bessie Yarbrough as to whether Mr. Ladd asked her to sign the erroneous assessment complaints, as his agent. No argument or citation of authority is presented to show that this ruling was error; nor does it unequivocally appear, even that plaintiff so regards it. Therefore, under the rule followed in Brown v. Brown, supra, this feature of the trial will not be considered.

Plaintiff's contention "B", under his PROPOSITION II is that defendants were barred by the 12-month period of limitation prescribed by Tit. 68 O.S.1951 and 1961, § 432f, from obtaining cancellation of his deed. There is no merit in this contention. Plaintiff makes no claim that, when there is included in a tax resale, land that had previously been sold to the County for so-called delinquent taxes—later remitted as erroneously assessed—the resale deed executed as a result of said resale is valid. Furthermore, the evidence shows he had never obtained, nor ousted the Ladds, and/or their successors in title, from, possession of the property. Also, the trial court has, by its judgment, held, in effect, that said resale deed was void. In this situation the limitation period plaintiff relies upon is not applicable. See Phillips v. Thompson, Okl., 389 P.2d

473, and Morton v. Van Orsdol, 203 Okl. 394, 222 P.2d 520.

Plaintiff lastly complains of the judgment's ordering the defendants, in whom title was quieted, to pay into court the taxes, penalties and interest they had tendered at the trial. He says this requires duplicate payment by defendants, of taxes paid by him, when he purchased his resale deed. Defendants' tender at the trial was made upon plaintiff's insistence; and payment, in accord with said tender, will benefit him, rather than affect him adversely. As defendants contend, he is therefore in no position to complain of such an alleged error. See Beam v. Green, 208 Okl. 10, 252 P.2d 444.

As we have found in plaintiff's presentation for reversal no valid ground for disturbing the judgment of the trial court, it is hereby affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

JACKSON, V. C. J., concurs in result.