Delaphene Mae CAMPBELL, Trustee of the Trusts Created Under the Last Will and Testament of George I. Epperly, deceased, and Carl Nilsen, Appellants,

v.

Freddie E. BUTLER and Wanda Butler, husband and wife; Gladys F. George; William R. Shadid; Charles Kern; Sanguine, Ltd., an Oklahoma Corporation; Devon Corp., a Nevada Corporation; Orville Eberly; Robert E. Eberly, Sr.; Shell Oil Company, a Delaware Corporation, James C. Meade; K.T. Meade, Jr.; Wilbur J. Holleman and Wilbur J. Holleman, Jr., Trustees for the Wilbur J. Holleman Trust; Wilbur J. Holleman, Jr. and Maxine M. Holleman, Co-Trustees for the Wilbur J. Holleman Trust, Appellees.

No. 61685.

Supreme Court of Oklahoma.

July 5, 1988.

Rehearing Denied March 28, 1989.

John Frederick Kempf, Jr., Rowntree and Kempf, Oklahoma City, for appellants.

Leslie Pain, Pain, Garland and Adams, Anadarko, for appellees Freddie E. Butler and Wanda Butler.

Lawrence D. Taylor, Tulsa, for appellee Gladys F. George.

Virgil L. Upchurch, Buzbee and Upchurch, Anadarko, and James H. Ballard, Purcell, for appellees Charles Kern, Shell Oil Co. and William R. Shadid.

HARGRAVE, Vice Chief Justice.

Appearing here on a writ of certiorari is an appeal from the District Court of Caddo County, from a judgment in a quiet title action involving 80 acres of minerals in that county. The judgment ran against plaintiffs and defendant trustees of the Wilbur J. Holleman Trust. Plaintiffs claimed a one-half interest in the minerals, asserting their predecessors in title reacquired their deeded property through the doctrine of estoppel by deed after their interest had been extinguished by the foreclosure of a prior mortgage. The case was submitted by agreement on motion for summary judgment. The evidence submitted consisted of various land transactions recorded in the office of the Caddo County Court Clerk. All witnesses to the transactions are deceased. The trial court refused to apply the doctrine mentioned and quieted title in the defendants not trustees of the Holleman Trust.

In 1926, Dee F. Hamrick, owner of the entire fee in the property, granted a mortgage to A.E. Baldwin who assigned it to George T. Andrews. In 1930 Hamrick conveyed an undivided one-half mineral interest by warranty deed to Harold F. Young, who in turn conveyed to George I. Epperly and Wilbur J. Holleman. Plaintiffs' claim to the property is traced to this deed.

In 1932 Andrews, the mortgagee, foreclosed on the property, obtaining a sheriff's deed to it, extinguishing the junior mineral deed last mentioned. In 1934, while a stranger to the title, Hamrick executed and filed a mortgage on the subject tract in favor of the Land Bank Commissioner. Soon thereafter Andrews deeded the property to Hamrick subject to the recently-filed mortgage. Four years later Hamrick deeded the land to the Federal Farm Mortgage Corporation, successor to the Land Bank Commissioner.

In 1944 the Federal Farm Mortgage Corporation deeded the tract to W.C. and Ellen George, reserving one-fourth of the minerals for twenty years from 1940. They, in turn, deeded a one-fourth mineral interest to their daughter, Gladys George. At this point all the mineral interest in the tract is severed from the George's ownership of the land if Holleman and Epperly each regained their one-fourth interest through estoppel by deed when Hamrick regained the fee after foreclosure.

In 1952, two days after the deed to Gladys George, the Georges conveyed to Fred and Wanda Butler. The conveyance covered the surface, excepted the one-fourth mineral interest of Gladys and the twenty-year term mineral interest and the reversion of that one-fourth after the term expired. The deed states it is intended to convey all the surface and one-half the minerals. The Butlers leased to Eberly, et al, who assigned to Sanguine, Ltd. At this point, applying the doctrine of estoppel by deed to the Holleman and Epperly interest, one hundred and fifty per cent of the minerals have been conveyed. Later that year Gladys conveyed her one-fourth back to her parents, the Georges. Gladys' present claim arises from her later inheritance from W.C. George, which is traced to the reversion of the one-fourth mineral interest after the twenty-year term expired in 1960.

Three years later (1955) the Federal Farm Mortgage Corporation deeded the remaining five years of their term mineral interest to the Butlers. The following month the Georges conveyed a one-fourth mineral interest to William A. Shadid and wife. Apparent title to this one-fourth arises from the reconveyance to the Georges by Gladys. Shadid conveyed a one-sixteenth of this interest to Percy and Margaret Kern. Charles P. Kern inherited the one-sixteenth and leased to Shell Oil Company. William R. Shadid presently claims a three-sixteenth interest by descent from William A. Shadid.

The trial court ruled that estoppel by deed should not be applied under the facts of this case, to do so would be inequitable. Additionally the trial court found that when Hamrick gave a deed on the tract to the Federal Farm Mortgage Corporation in 1938, the deed was in lieu of a mortgage foreclosure. Thus the trial court quieted title against the appellants.

Appellants, plaintiffs and defendant Trustees of the Holleman Trust contend that when Hamrick regained title after being foreclosed out, Epperly and Holleman became, at that instant, revested automatically with their respective undivided one-half mineral interests as a matter of law.

The Butler appellees contend alternately that their grantor, W.C. George and wife, had the entire mineral interest to convey and thus their one-half interest was unimpeached by record transactions, or alternately, if Holleman and Epperly regained their title through estoppel by deed, their one-half interest is satisfied in the deed record through after-acquired title. Here the Butlers state that their one-half is to be satisfied by the doctrine of after-acquired title—one-fourth being satisfied when W.C. George and wife were reconveyed Gladys' one-fourth and the other one-fourth is supplied through the doctrine of after-acquired title by the quit claim of the one-fourth twenty-year term mineral interest and the realization of the reversionary interest.

Gladys George contends that she is the owner of a one-fourth mineral interest, stating in her brief that applying the doctrine of estoppel by deed would be unjust under the circumstances. Additionally she argues that even if the doctrine is applied here her ancestor W.C. George specifically exempted the one-fourth mineral interest reversion in the deed which passed to her on his death.

Charles Kern, Shell Oil Company and William R. Shadid defend the trial court's judgment on the basis that applying the doctrine of estoppel by deed would be inequitable under the circumstances and additionally argue that the deed from Hamrick to the Federal Farm Mortgage Corporation was a deed in lieu of foreclosure.

Appellant advances three propositions of error, as demonstrating that the trial court's judgment is erroneous and requires reversal. The first states that Hamrick's mineral interest grantees became automatically revested with their mineral interest as a matter of law under the doctrine of estoppel by deed at the time Hamrick reacquired the property.

When Dee F. Hamrick conveyed the one-half mineral interest to Harold F. Young in 1930 the deed contained a warranty of title absolute in form. The property's entire fee was, however, mortgaged. Thereafter the mortgagee obtained the fee by sheriff's deed after a foreclosure action against the surface and mineral owners. This extinguished the one-half mineral interest to Harold F. Young. Two years later the sheriff's deed grantee deeded the property back to Hamrick. Appellants contend that under the warranty provision of the earlier deed to Young, they became revested with their mineral interest. Four years later the property was deeded to the Land Bank Commissioner. Appellees contend valid title to the minerals is traced to them from the later deed to the Land Bank, that the minerals passed from the purchaser at the sheriff's sale through Hamrick to the Land Bank.

▮ In all material respects this case is analogous to *Lucus v. Cowan*, 357 P.2d 976 (Okl.1960). The law applied there is applicable and controlling in this appeal. This Court stated in *Lucus v. Cowan, supra,* that it is settled law in Oklahoma that where a grantor conveys a mineral interest in land under warranty of title when the property is subject to a mortgage the grantor is obligated to satisfy, and thereafter permits the property to be sold at a mortgage foreclosure, the grantors subsequent reacquisition of the property operates to revest the after-acquired property in his grantee. See also, *Singer–Fleischaker Royalty Co. v. Whisenhunt,* 402 P.2d 886 (Okl.1965), *Grisham v. Southland Royalty Co.,* 332 P.2d 1099 (Okl.1958), *Equitable Royalty Corp. v. Hullet,* 206 Okl. 233, 243 P.2d 986 (1952), *Hanlon v. McLain,* 206 Okl. 227, 242 P.2d 732 (1952),

*Bliss v. Wilcox Oil Co.,* 206 Okl. 232, 242 P.2d 739 (1952), *Triangle Royalty Corp. v. Graves,* 206 Okl. 409, 242 P.2d 740 (1952), and *Born v. Bentley,* 207 Okl. 21, 246 P.2d 738 (1952).

In *Lucus v. Cowan, supra,* it is also held that the after-acquired estate passes to the grantee on his grantor's re-entry into the chain of title by operation of law, and without the intervention of any court. These precepts are controlling in this action. The instant that Hamrick reacquired title to the property, the after-acquired estate revested in her prior mineral grantees as a matter of law. The trial court erred in failing to so hold.

The Butler appellees contend the rule is not here controlling, for the reason that Hamrick filed the mortgage in favor of their grantor prior to his reacquisition of the property by twenty days. These appellees do not cite authority for this proposition.[1] It is not apparent this argument is well-founded. Such a rule would allow a grantor to deal with his mineral estate twice thereby evading the warranty of title he first made, by the simple expedient of filing a mortgage prior to the time he re-enters the chain of title.

Viewed differently, the divested owners of mineral rights and the grantee to the mortgage recorded prior to Hamrick's re-entry into the chain of title occupy the position of claimants under the doctrine of estoppel by deed and after-acquired title. Both parties are claiming, under 16 O.S. 1981 § 19, their right to enforce the warranty provisions of their conveyances. Under such a circumstance, the prior warranty is entitled to be enforced in equity. In such situations this Court has applied the maxim "between equal equities, the first in order of time will prevail". *Elsey v. Shaw,* 199 Okl. 698, 190 P.2d 439 (1947). See also, *Williams v. McCann,* 385 P.2d 788 (Okl. 1963), *State ex rel. Com'rs of Land Office v. Leecraft,* 279 P.2d 323 (Okl.1955), *Colby v. Hayes,* 186 Okl. 283, 97 P.2d 65 (1939), *Bates v. Rogers,* 178 Okl. 164, 62 P.2d 481

(1936), and *McAllister v. Clark,* 91 Okl. 205, 217 P. 178 (1923). Accordingly the appellees' contention is deemed not well-founded.

Lastly appellees contend that *Lucus v. Cowan, supra,* should not control here because the doctrine of estoppel by deed is never applied except for the promotion of justice or the prevention of injustice citing *Singer–Fleischaker Royalty Co. v. Whisenhunt, supra.* While such a statement may be in accord with the basic tenets of equity jurisprudence, the facts of this case do not justify its application here to prevent reacquisition of title by the dispossessed mineral owners.

The conveyance to the Federal Farm Mortgage Corporation spawned two lines of title to the disputed minerals—one or the other must be determined to have valid title. Invoking the doctrine of estoppel by deed, requiring the grantor to fulfill his warranty by transfer upon re-entry to the chain of title, is not demonstrably inequitable. *Singer–Fleischaker Royalty Co., supra,* does not sanction a broad inquiry into weighing the equities before recognizing that title passed by operation of law upon reacquisition of the property by the grantor. In *Singer–Fleischaker Royalty Co., supra,* the reacquiring grantor was not under an obligation to satisfy the mortgage at the time the property was foreclosed and thus was not responsible for the loss of the mineral estate. The language pointed to by appellees taken in this context reads:

"In other words, the equitable doctrine of estoppel is used for the promotion of justice or the prevention of an injustice and does not permit a grantor or a grantee, who is or becomes obligated to satisfy a mortgage indebtedness, to profit by his own default to the detriment of his grantor or grantee, who had no obligations to discharge the mortgage indebtedness." *Singer–Fleischaker Royalty Co., supra,* at p. 892.

1. This Court will not review assignments of error unsupported by authority unless it is apparent that these arguments are well-founded without further research. *Brown v. Brown,* 365 P.2d 385 (Okl.1961).

The relevant portion of *Singer–Fleischaker Royalty Co., supra,* at p. 892 states:

"We therefore conclude and hold that 'Where A mortgages his land and thereafter conveys the mortgaged premises to B, and B becomes obligated to satisfy the mortgage, if B fails to satisfy the mortgage indebtedness and foreclosure proceedings are had, and the property sold, B may not invoke the doctrine of estoppel by deed against A if A reacquires the property.'"

Accordingly the doctrine of estoppel revests one-fourth mineral interest in Epperly and a one-fourth mineral interest in the property in Holleman and their successors. The trial court erred in failing to so hold, and its decision on that point is reversed.

The determination that the Holleman and Epperly interest revested as discussed leaves a one-half mineral interest in the appellees claiming all four-fourths of the minerals and under the deed to the Federal Farm Mortgage Corporation and its deed to W.C. George. W.C. George conveyed a one-fourth interest to Gladys George on May 13, 1952. After this time he held only a reversion in the twenty-year term mineral interest. Two days later W.C. George conveyed the surface and minerals by warranty deed to Fred and Wanda Butler. This deed contains the following language:

"Except, an undivided ¼ interest in the oil and gas, and other minerals heretofore conveyed to Gladys F. George; and except an undivided ¼ interest in oil and gas as reserved in deed from Federal Land Bank which is recorded in Book 97 at page 498 and specifically reserving to parties of the first part, their heirs or assigns any and all reversionary rights under the one-fourth interest so reserved by the Federal Land Bank in said deed. It is the intention to convey by this deed all the surface and an undivided ½ interest in the oil and gas and other minerals, ..."

■ The intent of this deed is clear. The grantor excepted a one-half interest in the minerals and granted a half interest to the Butlers. W.C. George and wife had, at this time, only the reversion in the twenty-year

mineral terms held by Federal Farm Mortgage Corporation. The Georges did come into possession of a one-half interest in the minerals subsequently. This poses the same situation discussed above. The warranty deed is sufficient to pass after-acquired title to the Georges. 16 O.S.1981 § 17. Where a grantor conveys by warranty deed an interest in realty greater than he owns at that time, title to the interest then not owned but after acquired inures to the benefit of the grantee. *Yamie v. Willmott,* 184 Okl. 382, 88 P.2d 325 (1939), *Brown v. Barker,* 35 Okl. 498, 130 P. 155 (1913). The doctrine is operative against the one-fourth interest which Gladys George asserts was acquired by devise from her parents, as the estoppel works against those claiming under the grantor. *Bryan v. Everett,* 365 P.2d 146 (Okl.1961), *Equitable Royalty Corp. v. Hullet, supra,* and *Lucus v. Cowan, supra.*

■ There remains one argument raised by the parties to this appeal. The appellees, Charles Kern, Shell Oil Company and William R. Shadid, assert the deed from Hamrick to the Federal Farm Mortgage Corporation was tantamount to a foreclosure. The trial court did find that to be so. Holleman, Campbell and their successors were not parties to that deed. At the time the deed was given, their interest had revested by operation of law, as discussed. Their interest, having vested, could not be divested absent their consent to the conveyance or by judgment after notice and an opportunity to be heard. Hamrick was powerless to divest their interest by deeding his property over to a third party, regardless of the trial court's characterization of that instrument as a deed in lieu of foreclosure on mortgage.

Under the analysis here made the mineral interest in the property in question resides and is quieted in those parties claiming a one-half mineral interest under the deed dated May 15, 1952 to Freddie E. and Wanda Butler. The remaining interest resides, and is hereby quieted in, Delaphene Mae Campbell, trustee of the testamentary trusts of George I. Epperly, deceased, a one-fourth undivided mineral interest, and

in Wilbur J. Holleman and Wilbur J. Holleman, Jr., trustees of the Wilbur J. Holleman Trust, a one-fourth undivided mineral interest.

TRIAL COURT REVERSED; CAUSE REMANDED FOR ENTRY OF JUDGMENT CONSISTENT WITH THIS OPINION.

DOOLIN, C.J., and LAVENDER, SIMMS, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, Justice, concurring.

Because the priority, if any, which may be asserted by Hamrick's mortgagee over the revested Holleman and Epperly interest is not drawn in controversy nor decided by this appeal, I concur in the Court's opinion and in its judgment.