Lois BLAIR, Plaintiff in Error,

v.

BOARD OF REGENTS FOR the OKLA-
HOMA AGRICULTURAL AND MECHAN-
ICAL COLLEGES Acting for and on Be-
half of the OKLAHOMA STATE UNI-
VERSITY OF AGRICULTURAL AND AP-
PLIED SCIENCES, Defendant in Error.

No. 41468.

Supreme Court of Oklahoma.

Dec. 13, 1966.

Wheeler, Parsons, Wheeler, Hampton, Kessler & Zamrzla, Oklahoma City, for plaintiff in error.

E. Moses Frye, Stillwater, for defendant in error.

BLACKBIRD, Justice:

The principal issue involved in this appeal is whether or not a State fishing license secured from the State Game and Fish Department as prescribed in Tit. 29 O.S.1961, § 201, and a motor boat license obtained from the State Planning and Resources Board (which said Board has been the "Oklahoma Industrial Development and Park Department" since the effective date of Tit. 74 O.S.1965 Supp. § 1102) authorize their holder to fish in, and use a motor boat on, Lake Carl Blackwell, without payment of the fees to Oklahoma State University of Agricultural and Applied Sciences, which said University has scheduled for such activities and requires to be paid to it by members of the public who attempt to use said Lake for those activities.

This issue was joined in the present action, which was commenced in June, 1964, on behalf of said University by the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges, hereinafter referred to as "plaintiff." Those named "defendants" in said plaintiff's petition were one Marion Coble and Lois Blair. In said petition, plaintiff alleged, in substance, among other things, that it, rather than the State of Oklahoma, owns Lake Carl Blackwell, and other real estate referred to therein merely as the "Lake Carl Blackwell properties"; that the Board of Regents for such colleges has the authority to prescribe rules and regulations for the operation of these properties, and, in accord with its power to do so, had promulgated a schedule of fees, set forth in the petition, to be charged persons desiring to fish, in, and boat on, said Lake, for permits to do so. The plaintiff further alleged, in material substance, that on certain named days in May and June, 1964, the defendants had put their boats in the water of said Lake and proceeded to fish therein without any such permit; that said University's lake manager, a Mr. Cathey, demanded of defendants that they purchase such permits, but they refused; that defendants threatened to again come upon plaintiff's said property, and use it for those sports, without such permits from plaintiff, and unless restrained and enjoined from doing so, plaintiff will suffer irreparable injury for which it has no adequate remedy at law. The plaintiff prayed for both a temporary restraining order and a judgment perpetually restraining and enjoining defendants from coming upon the property, and for "all other proper and equitable relief and costs."

After the court had issued a temporary restraining order against defendants, as prayed for in plaintiff's petition, the defendant Blair filed a motion to dissolve the order and dismiss the action. Said motion was overruled in October, 1964, subject to subsequent reconsideration; and, in an answer thereafter filed, said defendant renewed the same plea, and additionally denied, both generally and specifically, all of the material allegations of plaintiff's petition, except those admitted in a stipulation the parties had previously filed.

After trial of the case upon the stipulated facts, the court filed certain written conclusions of law, and thereafter entered judgment for plaintiff against the defendant Blair, adopting the written conclusions, finding all of the issues in plaintiff's favor, and perpetually restraining and enjoining said defendant from coming upon, or entering, plaintiff's property, for boating or fishing on Lake Carl Blackwell, unless and until he has first obtained the boating and/or fishing license required therefor by plaintiff. In the journal entry of said judgment, the court, in effect, dismissed the action as to Marion Coble, and, upon reconsideration of the defendant Blair's plea for dismissal, again overruled it. After the overruling of said defendant's motion for a new trial, he perfected the present appeal on original record. Our further use of the word "defendant" will refer to Lois Blair, only.

Under his first proposition for reversal of the trial court's judgment, defendant asserts (as he did in his motion to dismiss below) that plaintiff lacks the capacity to bring this action because the Board of Regents of Oklahoma Agricultural and Mechanical Colleges never made a request of this State's Attorney General therefor, nor relied upon him, if he found merit in such request, to file the action in the name of the State of Oklahoma, on the relation of said Board. Defendant takes the position that by exercising its own initiative in causing the action to be filed by an attorney in its regular employ (without any connection with the office of the State's Attorney General) plaintiff has violated Tit. 74 O.S. 1961, sec. 18c with reference to the employment of attorneys by State officers, boards, and commissions. Defense counsel points to the provisions of said section, stating "no State Officer, Board, or Commission * *", (except those named therein) " * * * shall have authority to employ or appoint attorneys to advise or represent them * * in any matter", and further stating that:

"At the request of any State Officer, Board or Commission (except a group of named ones, which does not include plaintiff)

*    *    *    *    *    *

the Attorney General shall have authority to institute suits in the name of the State of Oklahoma on their relation, provided after investigation he is convinced there is sufficient legal merit to justify the action.

*    *    *    *    *    *."

Defendant argues, in substance, that, in rejecting applicability of the above quoted statute to plaintiff in this case, the trial court ignored the Oklahoma Constitution's Article VI, section 31a, which his counsel say created the Board of Regents for Agricultural and Mechanical Colleges, and, in so doing, made of it "a Board" of this State within the meaning of that word as used in said statute. The decision of the trial court on this feature of the case is reflected in "PROPOSITION NO. ONE" of its written conclusions of law, as follows:

"O.S.U. acting by its Board of Regents, being a public corporation and a separate legal entity, and the individual members of the Board of Regents having as their only function the management of the corporation, it is clear that Plaintiff is not a Board or Commission and that the individual Board members are not state officers in the sense that the Attorney General is the sole legal advisor and representative of Plaintiff or the individual members of the Board under 74 O.S. 18c or by virtue of his position as chief law officer of the State under 74 O.S. 18.

"The power of the Plaintiff to do all things necessary to make O.S.U. function as a public corporation, to engage employees and to sue in its own name for and on behalf of the University contains the power and authority to engage legal counsel for advice and for representation in Court. (People vs Barrett 46 N.E.2 965)."

It is unnecessary in this appeal to determine whether the trial court was cor-

rect in all of the above quotation, as in our opinion same contains statements that may be treated as unnecessary, or surplus, findings. See Phillips v. Ladd, Okl., 399 P.2d 501, 504, and Choctaw Gas Co. v. Corporation Commission, Okl., 295 P.2d 800, 806, citing Mortgage Bond Co. v. Stephens, 181 Okl. 419, 74 P.2d 361. For instance, we consider it unnecessary to determine whether the Board of Regents for Agricultural and Mechanical Colleges is "a Board" within the meaning of section 18c, supra, because, under the undisputed facts relative to Oklahoma State University's proprietorship of the Lake Carl Blackwell properties and its use of the fees being charged for fishing and boating on Lake Carl Blackwell, said University is a real party in interest in this case. It is also a "public corporation" by virtue of Tit. 70 O.S.1961, § 1311. See Baker v. Carter, 165 Okl. 116, 25 P.2d 747, and the authorities cited therein. Said University is empowered in section 1313 of the same Title " * * * by its regents * * * (to) * * * take title to real estate, enter into contracts, locate buildings and do all things necessary to make the college effective as an educational institution." We have carefully analyzed People ex rel. Board of Trustees of University of Illinois v. Barrett, 382 Ill. 321, 46 N.E.2d 951, cited by the trial court in his hereinbefore quoted conclusion as to plaintiff's right to employ and to use, its own counsel for the commencement and prosecution of this action, without regard to the provisions of section 18c, supra, and, upon comparing that case with the present one, we can find no material distinction between the two cases. There, the court held in substance that the plaintiff there, as an incident to its creation as a public corporation and under the powers granted to it by law, could employ its own legal counsel. It is our opinion that, for the same reasons, Oklahoma State University, as such a corporation possessing similar powers, can do the same thing. In his reply brief, defendant quotes that part of the Illinois opinion pointing out that neither the constitution nor statutes of that State have invested its attorney general with the power, or duty, to represent "public corporations, their managing trustees or other officers." Then defense counsel states that "We do not have such a statute in Oklahoma", citing section 18c, supra. The fallacy in this representation is that it fails to point to the term "public corporation" anywhere in that statute. We therefore hold that section 18c, supra, constitutes no valid ground for defendant's challenge of plaintiff's capacity to bring this action, and that the trial court committed no error in his ruling to that effect.

■ Under his "Proposition II" defendant contends, in substance, that the effect of certain wording in Tit. 29, § 513, and Tit. 63, § 804(l), O.S.1961, is to prevent defendant from being required to pay Oklahoma State University any fee for fishing and boating in Lake Carl Blackwell, since its areal size exceeds 10 acres, under the stipulated facts at least 50% of the funds used to build said Lake was provided by Federal and/or State funds, and defendant has a fishing license from the State Game and Fish Department by virtue of having paid the license fee prescribed by Tit. 29 O.S.1961, § 201, and a boat license required by section 804(l), supra. That part of section 513, supra, quoted in defendant's brief is as follows:

" *     *     *     *     *     *

Any resident of the State of Oklahoma possessing a current Oklahoma fishing license may fish in any lake in excess of ten (10) acres in area without charge, where at least fifty per cent (50%) of the funds for building said lake was provided by Federal or State fund.

*     *     *     *     *     *."

Section 804(l), supra, with reference to boat license fees, is as follows:

"The license fee herein provided shall supersede all other license fees charged by the State of Oklahoma or any department or agency thereof and same shall charge no other fee."

Defendant takes the position that the above quoted language of section 513 applies to

any and all who may attempt to charge persons possessing State fishing licenses any additional fees for fishing in a lake like the one described therein. We reject any such interpretation of said language. It is only a part of section 513 of House Bill No. 443, enacted into law by the Twenty-Third Legislature (S.L.1951, pgs. 67 et seq.) dealing with this State's Game and Fish Department, and prescribing, among other things, the fees that should be charged for fishing licenses *issued by that Department*. When the involved wording is read, and considered, in its true context and as a part of said section and the whole Act, one of whose sections (sec. 519) recognizes the authority of owners of private preserves, parks, etc., to make "additional rules and regulations" pertaining to them (in this connection notice Ohio Water Service Co. v. Ressler, 173 Ohio St. 33, 180 N.E.2d 2, Arkansas Game & Fish Commission v. Storthz, 181 Ark. 1089, 29 S.W.2d 294, and other cases cited in the annotation at 15 A.L.R.2d 754 et seq.) we think it plain that the word "charge" in the disputed portion of said Act does not apply to a lake like the one involved here.

 That the boating license fee dealt with in the 1959 Act of which section 804 (*l*), supra, was a part, applies only to fees charged by the State is spelled out in said section; but, we think defendant's argument that Oklahoma State University acts as a "department" or "agency" of the State, as those words are used in said section, in its charging of fees for boating on Lake Carl Blackwell, is without merit. Plaintiff's brief states, without contradiction, that no State revenue is appropriated or expended in the operation of said Lake and that it is an independent, self-sustaining, operation. Under the facts of this case and the law applicable thereto, we think Oklahoma State University's dominion over, and operation of, said Lake more nearly resemble that of a private owner or proprietor than that of a department, or agency, of the State. Accordingly, we

hold that section 804(*l*), supra, does not apply in this case.

In view of the foregoing, the judgment of the trial court is hereby affirmed.

HALLEY, C. J., and JACKSON, V. C. J., and DAVISON, WILLIAMS, BERRY, HODGES and LAVENDER, JJ., concur.